## DUKES *v.* THE STATE.

An indictment for forgery which does not allege the making or fabrication of anything, but which sets out the fraudulent uttering of a forged bank check in the terms of ?4447 of the code, is founded

upon that section and need not allege an intent to defraud any particular person. If any holding to the contrary is deducible from the case of *Williams* v. *The State*, 51 *Ga.* 535, a decision by two judges only, such holding is unsound and will not be followed.                                          *Judgment affirmed.*

March 5, 1894.  Argued at the last term.

Indictment for forgery. Before Judge GRIGGS. Bibb superior court. November term, 1893.

The indictment alleged, that Columbus Dukes did "unlawfully, falsely and fraudulently pass, pay and tender in payment, utter and publish as true and genuine, to A. Greenwood, a certain false, forged and counterfeited check on the 1st National Bank of Macon, Georgia; he the said Columbus Dukes at the time well knowing said check to have been falsely and feloniously made, forged and counterfeited, and that the same was not made and signed by said L. R. Wright, nor by any for him by his authority; said check being in word and figure as follows: 'Macon, Georgia, July 3d, 1893. First National Bank of Macon, Georgia. Pay to bearer or bearer seventeen ($17.00) dollars. (Signed) L. R. Wright.'" After conviction, defendant moved to arrest judgment, on the ground that the offence charged is forgery, but the offence attempted to be described is that of uttering a forged bank check; and that the indictment is insufficient as for uttering a forged check, because no intent to defraud any given person is alleged. The motion was overruled, and defendant excepted.

O. A. PARK and J. L. GERDINE, for plaintiff in error.
W. H. FELTON, Jr., solicitor-general, *contra*.