35408. HAMILTON *v.* THE STATE.

DECIDED DECEMBER 2, 1954—REHEARING DENIED DECEMBER 16, 1954.

296

*Bob Humphreys, George Thomas,* for plaintiff in error.

*J. Bowie Gray, Solicitor-General,* contra.

GARDNER, P. J. ■ The defendant insists that the evidence is insufficient to sustain the general grounds. It appears from the argument of counsel that he bases this contention on the fact that the record shows that the sales clerk of Cohen's Department Stores, Inc., who waited on the defendant, was not produced at the trial, although available; that this sales clerk was with the defendant approximately 10 to 15 minutes while Mr. Cohen, the president of Cohen's Department Stores, Inc., who cashed the check was with the defendant for not more than 1 or 2 minutes. This contention is not in accordance with the record. The record on this point shows that Mr. Cohen testified: "My dealings with Hamilton were very brief . . . the clerk may have been with him 5 or 10 minutes. . . I don't know where the clerk is today. . . The clerk who waited on Hamilton is not now in my employ . . ." It matters not how long Mr. Cohen was with the defendant; he identified the defendant positively as being the man who had the check and passed it to Mr. Cohen

and who received the money; that is, the defendant received the difference bewteen the amount of the. check and the amount of the goods purchased from the salesman. Mr. Cohen was the only man in the store in question who had a right to cash checks at the time this check was presented. No doubt he sized up the defendant because he was able to describe in detail the clothes the defendant wore on the day when the check was cashed. The evidence overwhelmingly sustains the verdicts of the jury on each count.

■ The general and special demurrers are without merit. The face of the check is set out and quoted verbatim in the indictment and would identify and distinguish this check in question from any other check which any other indictment may be based upon. The wording of the indictment is such that the defendant was placed on notice as to what forged check he was alleged to have passed. The principle involved here on these demurrers has been passed upon by this court in *Coggins* v. *State*, 61 *Ga. App.* 589 (1) (6 S. E. 2d 916), as follows: "Where, in an accusation in the city court of a named county, the State charges that on a designated date the accused 'did on the day and date aforesaid sell and barter for a valuable consideration a certain quantity of intoxicating whisky,' the accusation is not subject to demurrer for failure to allege the name of the person to whom the whisky was sold, or the quantity or the consideration; nor is it lacking in sufficient definiteness to put the accused on notice of the offense charged, in order that a proper defense may be prepared. 'In an indictment charging a violation of the State prohibition law, it is not necessary, sofar as an alleged sale is concerned, to set out the facts as to the person. to whom the liquor was sold, how much of the same was sold, or of what the valuable consideration for which it was sold consisted.' *Hall* v. *State*, 8 *Ga. App.* 747 (2) (70 S. E. 211). See *Grimes* v. *State*, 32 *Ga. App.* 541 (123 S. E. 918)." This principle has been passed upon also by the Supreme Court in *Dukes* v. *State*, 94 *Ga.* 393 (1) (21 S. E. 54), quoted in the headnote hereinabove. See also *Brazil* v. *State*, 117 *Ga.* 32 (43 S. E. 460).

■ Special ground 2 assigns error because of certain material evidence which is alleged to have been illegally admitted. It appears from the record that during the course of the trial the

check in question was presented by the State as evidence. It had the words "a forgery" typewritten thereon by the bank authorities. When the check was tendered in evidence, counsel for the defendant made the following objection: "We object to this evidence on the grounds that somebody had typewritten on the check that it was not the original check." The court stated: "Erase that [meaning the words, 'a forgery'] and I will admit it as evidence." The words "a forgery" were then erased and the check was admitted in evidence. It does not appear in just what way this could have possibly harmed the defendant. This ground is without merit.

■ Special ground 3 assigns error because, as alleged, the trial judge (a) deprived defendant's counsel of a thorough and sifting cross-examination of the witness Cohen, in violation of Code § 38-1705; (b) the trial judge intimated or expressed an opinion as to what had been proved, in violation of Code § 81-1104. As to the first proposition, when the witness Cohen was recalled for further examination, counsel for the defendant was inquiring of him as to where and when he had seen the defendant. The court stated that this point had been covered during the previous day; and it had been, according to the record. In regard to intimating an opinion, on (b) above, when counsel for the defendant inquired as to what term of court the witness appeared before the grand jury, the court remarked, "He has answered that." While it is true that counsel for the defendant is entitled to a thorough and sifting cross-examination of a witness, this record reveals that counsel for the defendant on the day before had administered to the witness a very thorough and sifting cross-examination, and on the occasion of which complaint is made the court did not desire a continuous repetition of substantially the same questions and the same answers from the witness on the same points. On this assignment of error the court was within its rights in restricting the cross-examination as was done. This special ground shows no reversible error.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*