Marshall, Judge.
This 13-year-old appeals his adjudication as a delinquent asserting as error the unconstitutional application of a section of the Juvenile Code to himself and the insufficiency of the evidence to support two of the three offenses with which he was accused and found guilty.
The evidence in this bizarre case indicates that some person (later identified as the appellant) unlawfully burglarized a residence in Atlanta at about 6:30 p.m. on July 23, 1975. This person left rather small fingerprints on the window sill of the window through which forcible entry was gained. That person also left rather small footprints on the bed immediately under the same window. The burglar removed from this house a 12-gauge shotgun and a quantity of shells. Around 6:30 p.m. neighbors living two and three doors down the street from the burgled house heard two gunshots. The expended shotgun shells were located on the back steps of a vacant house next to the burgled house. Other evidence indicated that the possessor of the gun had discharged it into the shrubbery at the rear of the premises.
The two neighbors upon hearing the gunshots went out into their respective backyards to investigate. One of the neighbors noticed shrubbery moving at the rear of the lot of the other neighbor and called the movement to her neighbor’s attention. As the home owner began to move toward the moving shrubbery, a gunshot came from the shrubbery and struck the victim in the chest causing her *711 rapid demise. The culprit was never seen through the shrubbery. The shotgun was dropped and the culprit ran.
The investigating police officer suspected a juvenile apparently because of the size of the fingerprints, the small footprints, and the unusual act of shooting twice into the shrubbery for no apparent reason. He requested that information from other police officers be furnished to him of any juvenile committing a burglary in that same area in order to compare that person’s fingerprints with the latent prints recovered from the window sill of the burgled house.
On August 14,1975, the appellant was apprehended burglarizing a house a half a block from where the homicide occurred. He was taken to the juvenile hall, where, ostensibly in accordance with the Juvenile Code and procedures and policies of the juvenile court, appellant’s fingerprints were taken and filed. The investigating officer in the homicide was notified and he retrieved the set of prints which had been placed in appellant’s file. A comparison of appellant’s known prints with the latent prints obtained from the window sill proved to be positive. Thereafter appellant gave a statement to the officer in which he admitted breaking into the house on July 23 and taking the shotgun. He asserted he had given the gun to a "companion,” not otherwise identified. During this entire period of time this juvenile was 12 years of age. Held:
1. Appellant’s first enumeration of error is that the court erred in allowing his fingerprints to be admitted into evidence. A fair reading of the Juvenile Code, Ga. L. 1971, pp. 709, 751; 1973, pp. 882, 888 (Code Ann. § 24A-3503) compels the conclusion that children 12 years and under will not be fingerprinted (subsection (a)) except in one specific instance (subsection (e)) and even then the fingerprints may not be filed unless directed by an appropriate court, otherwise they must be destroyed. Children 13 and over may be fingerprinted upon the commission of certain crimes (subsection (a)) and those fingerprints will be filed and are available to law enforcement officers in the exercise of their official duties.
This record indicates in-processing personnel at the Fulton County juvenile hall in accordance with policies *712 established by the court, routinely fingerprinted all juveniles, regardless of age, suspected of serious crimes, including burglary. These prints were then made available to investigating police officers upon formal demand. Such procedure was followed in this case and clearly constituted a violation of the plain terms of the statute insofar as routine fingerprinting of this 12-year-old child was concerned. While the officer may have taken the appellant’s fingerprints under subsection (e) of the statute, he did not do so, but instead used fingerprints that should never have been taken nor placed on file.
While we are aware of complaints of law enforcement agencies as to the unnecessary restraints placed upon law enforcement and protection of society, we cannot pass upon the constitutionality or even the advisability of the artificial limits created by protecting the identity of a 12-year-old suspected of murder but not similarly protecting the identity of a 13-year-old purse snatcher or auto joy rider. Though it would appear less unreasonable to classify by degree of crime rather than by age in order to protect identity of juveniles, this is a matter for the General Assembly and not the courts. Nevertheless, the fingerprints in this case were unlawfully taken, filed and removed from the files for purposes of comparison.
Does this error require reversal? We conclude that it does not because of the admission by appellant that he did in fact steal the shotgun. The question thus arises: was this admission the "fruit” of the unlawful fingerprinting. The "fruit of the poisonous tree” doctrine is limited to evidence which the police cannot trace to an independent and lawful source. Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); Silverthorne Lumber Co. v. United States, 251 U. S. 385 (40 SC 182, 64 LE 319, 24 ALR 1426); Lewis v. State, 126 Ga. App. 123, 126 (190 SE2d 123).
In this case the homicide investigator had several clues pointing toward a juvenile culprit. He had a set of latent prints. He soon had a juvenile suspect committing a burglary just a few houses removed from the earlier burglary and homicide. The officer was authorized within his investigative discretion to examine this suspect. Once *713 the policeman compared the latent prints with appellant’s prints erroneously on file, he was positive of the identity of appellant, and he then proceeded to question him. However, there is no indication in the record that the statement given by appellant was a product of the fingerprint comparison. While the positive comparison certainly would tend to corroborate the officer’s suspicion that appellant was the burglar of July 23, lacking is any evidence that except for the fingerprint comparison, the appellant would not have been questioned. This record supports the conclusion that it was appellant’s apprehension as a burglar on August 14 that lead to the statement and not the erroneously obtained fingerprints.
The Supreme Court of the United States has taken the position that procedural safeguards are not themselves constitutionally protected but are measures merely to insure the protection of basic rights. Michigan v. Tucker, 417 U. S. 433 (94 SC 2357, 41 LE2d 182). "Where, as here, however, it is clear that the juvenile has not, in fact, been denied due process (even though there has been a technical violation of a prophylactic safeguard established to protect that right), we see no need for a per se rule requiring reversal.” United States v. Watts, 513 F2d 5, 8.
2. In his second enumeration of error, appellant complains that the circumstantial evidence was insufficient to connect him with the July 23 burglary and homicide. He asserts that the juvenile court erred in refusing to direct a verdict of acquittal as to these two counts.
We disagree. Without rehashing the evidence, we are satisfied that the circumstantial evidence showed that one person entered the home on July 23 and that person was probably a juvenile. This evidence sufficiently corroborates his admission of the burglary. There is evidence that the time frame was such that the person who took the weapon also fired it twice into the bushes. There is no evidence, other than the phantom individual mentioned by appellant, that more than one person stood hidden in the shrubbery at the time the fatal blast was fired. Appellant admitted being possessed of the shotgun during this general time period. Such evidence is *714 sufficient to sustain the findings and judgment of the court. J. R. P. v. State of Ga., 131 Ga. App. 53 (205 SE2d 96).
Submitted February 3, 1976
Decided May 10, 1976
Rehearing denied May 21, 1976.
Robert C. Ray, J. Douglas Willix, for appellant.
Lewis R. Slaton, District Attorney, George Geiger, Joseph J. Drolet, Assistant District Attorneys, for appellee.

Judgment affirmed.

Panned, P. J., and McMurray, J., concur.