## 31579. MAYS v. THE STATE.

INGRAM, Justice.

James Mays was convicted of armed robbery in the Superior Court of Barrow County and was sentenced to 20 years imprisonment. He appeals his conviction on the general grounds of a motion for new trial and on the ground that remarks by the trial judge during the trial expressed an opinion as to guilt. These enumerations are without merit and we affirm.

The facts in the case are as follows: On Friday, November 7, 1975, at about 2:30 p.m., two men entered a dry cleaning store in Statham, Georgia, and demanded that the owner, Mr. Hunter, hand over his money. One of the bandits then hit Hunter several times with a pistol and drove him to his knees. Hunter was taken to the rear of the store, was bound and gagged by his assailants, and was robbed of $900 in cash, some checks, and two oil company credit cards. After the robbers left the premises, Hunter, who was bleeding from several head wounds, freed himself, ran outside the store and was assisted by several pedestrians.

Subsequently, the victim discovered that one of his credit cards had been used to purchase gas at an Atlanta filling station. Investigators traced the license tag number listed on the credit card voucher to a 1966 Mustang. This automobile was discovered to have been purchased from a used car dealer in Athens, Georgia. The dealer identified the buyer as the appellant, whose description fit that of Mr. Hunter's assailant. Appellant was later found to be living in Ohio where he was arrested and returned to Georgia for trial. During the trial, the victim identified the appellant as the man who pistol-whipped and robbed him. Two other witnesses identified appellant as one of two men who were seen in the

immediate vicinity of the dry cleaning store just after the robbery.

Appellant contends that his conviction should be reversed on the general grounds. A new trial will not be granted if there is evidence, sufficient under any reasonable view, to support the verdict. *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556) (1975). Here, the victim of the robbery positively identified the appellant as the assailant and this testimony alone would authorize the verdict. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859) (1974). Even though appellant relied on witnesses who testified in support of his alibi, the jury was permitted to accept or reject their testimony. *Andrews v. State,* 232 Ga. 423 (207 SE2d 61) (1974). The evidence was sufficient to authorize the verdict and this enumeration of error is without merit.

Appellant contends in his second enumeration of error that a statement made by the trial judge was an impermissible comment because it expressed an opinion on guilt in violation of Code Ann. § 81-1104 (Rev. 1956). The statement was made by the trial judge in the course of a discussion about the admissibility of the credit card voucher which was the receipt copy and not the original. Appellant's counsel objected to the admission of the copy because the voucher was not the highest and best evidence. The judge overruled the objection and, in the ensuing discussion, stated:

"He's [the prosecutor] done all he can do. The man signed the card and they give [sic] him the original, and they keep the copy so that's the highest and best evidence they've got and they've exerted . . . exhausted every effort they have.

"Now, *if* your client's got it, we'll be glad to substitute that for the original . . . the original for that because he had the original." (Emphasis supplied.)

Appellant argues that this statement created an impression with the jury that the trial court believed that appellant had the original copy of the voucher and was, thus, reversible error. We do not agree. This remark merely stated a hypothesis and did not intimate any opinion as to guilt or innocence of the appellant. Cf. *Whisman v. State,* 221 Ga. 460, 462 (3) (145 SE2d 499)

(1965). Additionally, the jury was properly instructed that nothing said or done by the judge should influence the verdict. This enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*Paris & Burkett, Richard J. Burkett,* for appellant.

*Nat Hancock, District Attorney, L. Elizabeth Lane, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.