McMurray, Judge.
On Monday, October 11,1976, at approximately 9:45 p.m., the victim of a physical attack and his wife were walking toward their home in a neighborhood in Atlanta. They were walking down the middle of the street because the street lights would protect them in dark areas. An individual walked up behind them as the victim approached two other individuals and one said, "We don’t like honkies on this side of town.” One of them made a movement toward him and was going for something in his pocket, so the victim pushed him and at that time another one hit him on the head causing a cut and contusions and an injury to his collar bone.
Immediately preceding the incident the victim recognized the juvenile involved here when the juvenile lit a cigarette and the light flaring was sufficient for him *726 to identify him. He knew the juvenile on sight but not by name, having seen him before in the neighborhood.
A lookout was placed for the offenders and the arresting officer surmised that the juvenile in question was one of them when he heard the general description. Several days later, on October 17, he found this juvenile, placed him under arrest and on the way to the juvenile detention facility he carried him by the victim’s home. He was positively identified by the victim as one of the individuals he saw the previous Monday night.
A referee found this juvenile to be under 17 years of age, residing in Fulton County, Georgia, and that there was probable cause "to suspect that the child had committed the offense of: Aggravated Assault (stick)” as well as a "failure to stop on an officer’s command” (he ran when the officer sought to arrest him). A juvenile petition was filed alleging delinquency, that the juvenile "did commit the offense of Simple Battery, in that he . . . did intentionally cause physical harm to the person of...” and that he was thus in need of treatment or rehabilitation. Counsel was appointed for him.
A motion to suppress the out-of-court and in-court identification and a motion to dismiss were both filed. Both of these motions were denied after a hearing, and the court found that the juvenile "did commit the offense of Simple Battery” and that the child was delinquent and in need of treatment and rehabilitation. A dispositional hearing was then set, and at that hearing he was placed on probation under supervision and required to meet certain terms and conditions of his probation, including restitution for the injuries committed upon the victim. Another hearing was set to determine the amount of injury and at this hearing the attending physician produced the emergency room record of the victim showing services rendered in the amount of $59.15. The physician testified that $20 of this amount was for his charge and that this portion of the record was made by him personally, but that the other amounts were for supplies, X-rays, drugs, etc. which were supplied by others in the hospital of which he had no actual knowledge. He did testify: The medical librarian provided him with the records, the victim was cut in the right ear *727 area, he obtained an X-ray of the right clavicle but the report was negative, and the diagnosis was that of "soft tissue trauma.” The laceration was repaired with a total of six nylon sutures, the patient given a tetanus shot and a sling for his right arm which he refused when offered. He also testified that the charges were normal and reasonable charges for the services rendered.
The juvenile appeals enumerating error in the imposition of restitution as a condition of probation as not an appropriate rehabilitative measure in a case of bodily injury and the amount of restitution assessed was excessive; in overruling the defendant’s motion to suppress the evidence as to the identification and in refusing to dismiss the action when the arresting officer failed to carry him immediately to the juvenile detention facility, but instead carriéd him to the home of the victim for identification in violation of "Ga. Code § 24A-1404” (see Code Ann. § 24A-1402 (a) (2) (Ga. L. 1971, pp. 709, 723; 1973, pp. 882, 885)), and the evidence was insufficient to prove him "guilty of simple battery” beyond a reasonable doubt. Held:
1. The evidence shows the victim was beaten severely by one or more individuals, including the juvenile herein, following a common design to act together in hitting and beating him, each aiding and abetting the other for the accomplishment of an unlawful purpose. Fraley v. State, 120 Ga. App. 427 (1, 2) (170 SE2d 729), and cases cited. Kendricks v. State, 231 Ga. 670 (203 SE2d 859); Andrews v. State, 232 Ga. 423 (207 SE2d 61); Mays v. State, 237 Ga. 907, 908 (230 SE2d 282); J. R. P. v. State of Ga., 131 Ga. App. 53 (205 SE2d 96); T. K. v. State of Ga., 126 Ga. App. 269, 275 (3) (190 SE2d 588). The evidence is sufficient to support the adjudication of delinquency. Thus, he was properly found in need of rehabilitation and treatment as a juvenile delinquent.
2. The restitution ordered here was payment of a $59.15 hospital bill for medical services. The testimony shows same was reasonable and proper, hence it cannot be said that same was excessive in any amount. Restitution in the form of damages to the victim of an assault or beating has been held to be a reasonable condition of probation. See Biddy v. State, 138 Ga. App. 4, 7 (4) (225 *728 SE2d 448). It has likewise been held that when a child’s wrongful act has occasioned some loss to befall another individual it is both therapeutic and rehabilitative to require the child to make such restitution as he is able to do (under the circumstances). See P. R. v. State of Ga., 133 Ga. App. 346, 348 (210 SE2d 839). See also M. J. W. v. State of Ga., 133 Ga. App. 350 (210 SE2d 842).
3. Our juvenile system separates the adjudicatory and dispositional processes due to the fact that the evidentiary rules applicable to the two phases of the court’s consideration are different. D. C. A. v. State of Ga., 135 Ga. App. 234, 238 (217 SE2d 470). During the hearing virtually any evidence that is material and relative on the issue of disposition ". . . may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition.” Code Ann. § 24A-2201 (d) (Ga. L. 1971, pp. 709, 732). See J. B. v. State of Ga., 139 Ga. App. 545, 547 (228 SE2d 712).
However, in this instance the attending physician testified that this was the hospital record as to the emergency room treatment of the victim, that the charges were reasonable and proper. His only personal knowledge of same was as to the $20 charged for the attending physician. Nevertheless under Code Ann. § 38-711 (Ga. L. 1952, p. 177) and Code Ann. § 38-712 (Ga. L. 1971, pp. 441, 442), "if the trial judge shall find that it [the record] was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter... [a]ll other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility.” Thus, the testimony by the attending physician, even though he did not make all of the record, did not prevent its admissibility here.
4. The victim properly identified the juvenile in court by reason of seeing him beforehand in the neighborhood and recognizing him immediately before the fight and beating occurred. The motion to suppress the *729 identification was properly denied. While the language of the statute required the doing of a certain thing, that is, taking him immediately before the juvenile court or delivering him to a detention or shelter care facility or to a medical facility (see Code Ann. § 24A-1402 (a) (2), supra), such language would generally be construed as directory and not as a limitation of authority and particularly so where no injury appears to have resulted from the fact that the police officer after his arrest took him by the victim’s house for further identification before proceeding directly to the juvenile home. See Sanchez v. Walker County Dept. of Family &c. Services, 237 Ga. 406, 410 (229 SE2d 66). Compare C. J. v. State of Ga., 138 Ga. App. 710 (227 SE2d 445); T. K. v. State of Ga., 126 Ga. App. 269, supra. At most, no harmful error has been shown. The court did not err in denying the motion to suppress the evidence as well as the motion to dismiss the charge against this juvenile.
Argued September 19, 1977
Decided October 13, 1977
Rehearing denied November 4, 1977.
Fierer & Devine, Anne E. Meroney, for appellant.
Lewis R. Slaton, District Attorney, Donald J. Stein, George Geiger, Assistant District Attorneys, for appellee.

Judgment affirmed.

Bell, C. J., and Smith, J., concur.