63132. GUTHRIE v. THE STATE.

BANKE, Judge.

This *pro se* appeal is from the defendant's conviction of robbery by sudden snatching. Along with numerous other alleged errors, he asserts that the evidence was insufficient to support his conviction. *Held:*

1. The victim testified that the defendant had reached into his cash register and fled with more than $500, while a companion diverted his attention. The two fled in a brown station wagon with a District of Columbia license plate. The police were provided a description of the vehicle, and a short time later, it was stopped after a brief chase. A wad of bills was found between the seat cushions in the right rear of the vehicle, where the defendant had been seated. The victim identified the defendant at a pre-trial lineup. The evidence was sufficient to support conviction based on a taking from the immediate presence of the victim. Accord, *Crosby v. State,* 150 Ga. App. 555 (1) (258 SE2d 264) (1979). A rational trier of fact could have reasonably found from this evidence that the defendant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980).

2. At a hearing held on his motion for a new trial, the defendant, with the assistance of appointed counsel, sought to establish that his trial counsel had provided ineffective assistance. He also contends that the second attorney, appointed to represent him in regard to his new trial motion, also rendered ineffective assistance. " 'Effective

assistance does not mean that a defendant is entitled to have the best counsel appointed, or any particular counsel, but it does mean that he must have such assistance as will assure him due process of law.' [Cits.] '[T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered.' *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974)." *Minchey v. State,* 155 Ga. App. 632, 633 (271 SE2d 885) (1980). From our review of the record, we conclude that the appellant was not denied effective assistance of counsel. The defendant also complains that yet another attorney provided him ineffective assistance during some period between his arrest and indictment. The record does not even establish that there was such representation, although it does reveal that the attorney in question represented a co-defendant at a preliminary hearing. These enumerations of error are without merit.

3. The defendant complains that the trial court erred in failing to advise him of his right to appeal. The record reflects that the trial court advised the defendant fully in this regard, including his right to counsel on appeal.

4. The remaining enumerations of error either involve allegations concerning matters of which there is no record or concern alleged errors in which no ruling of the court was made. In any event, they provide nothing for our review.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1982 —

*Arch W. McGarity,* for appellant.
Arthur S. Guthrie, *pro se.*
*E. Byron Smith, District Attorney,* for appellee.