## 65783. JOHNSON v. THE STATE.

DEEN, Presiding Judge.

Appellant in this case left his pickup truck standing in the right-hand traffic lane of a Macon thoroughfare during afternoon rush hour while he conversed with a friend in the latter's front yard. An officer proceeding on routine patrol in the opposite direction observed the truck and noted that traffic was having to change lanes

in order to pass it; he decided, however, not to investigate it or report it until completion of his current round, but to check the site on his return patrol. Apparently only minutes after this occurrence, another officer routinely patrolling in the other direction came up behind the same truck and, turning on his flashing blue lights, stopped to investigate whether a motorist might need assistance. Finding no one in or near the truck, he was preparing to fill out a tow-away order when he became aware of two persons entering the truck. According to his testimony at trial, he blew his horn to attract their attention but received no acknowledgment. The truck started forward, pulled into a left-turn lane, and sat awaiting a green light. The officer pulled close behind and, through his open window, shouted an instruction to the driver to pull over. The driver shouted back that he needed to go to the post office and that the officer would have to follow him there if he wanted to speak with him. The officer turned on his siren in addition to the blue lights, and the truck's driver, after proceeding for approximately two blocks, pulled over.

The officer approached the vehicle on foot and, according to his own testimony, which defendant disputed, asked to see a driver's license but defendant refused to comply. Then, according to un-disputed testimony, the driver began shouting at the officer and refused to exit the truck on the latter's command. The officer managed to get a handcuff on the driver's nearer wrist despite the latter's apparent attempt to get out the opposite door, through which his passenger had fled. A passing motorist who had noted the struggle between the slightly built officer and the rather large driver stopped to offer assistance but, according to his trial testimony, decided to leave when he saw a police car (the same one whose driver had earlier observed the parked truck) approaching the scene. Residents of nearby houses testified that they heard the shouting and observed movements that could have indicated a struggle between the officer and his adversary. After appellant was subdued he was turned over to city traffic authorities, but his case was subsequently transferred to the State Court of Bibb County for trial, where he was found guilty on charges of obstructing a police officer, fleeing and attempting to elude an officer, and operating a motor vehicle without a valid driver's license.

Appellant unsuccessfully moved for a new trial on the general grounds and on the basis of the court's alleged intimations of opinion regarding the evidence and allegedly ineffective assistance of counsel. On appeal he enumerates as error these same grounds, further alleging that the trial court erred in denying his motions for a directed verdict of acquittal and for a new trial. *Held:*

1. We find no merit in appellant's enumerations concerning

court and counsel. Scrutiny of the trial transcript reveals that the demeanor of the trial judge was impeccable: he was attentive to the questions and comments of counsel and the responses of the witnesses, alert to actual and potential improprieties, and impartial in his reprimands to both sides when their conduct verged on the improper. The record reveals nothing that would trigger the provisions of OCGA § 17-8-55 (Code Ann. § 81-1104). See, e.g., *Mays v. State,* 237 Ga. 907 (230 SE2d 282) (1976); *Pierce v. State,* 212 Ga. 88 (90 SE2d 417) (1955); *Hendricks v. State,* 157 Ga. App. 715 (278 SE2d 453) (1981); *Hamilton v. State,* 91 Ga. App. 295 (85 SE2d 496) (1954).

As for the conduct of appellant's trial counsel, the record discloses no failure to conform to the standards generally accepted as amounting to effective representation. The constitution and laws neither of this state nor of the United States guarantee errorless representation. The standard is reasonably effective assistance; an adverse result at trial is no measure of effectiveness. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); *Guthrie v. State,* 160 Ga. App. 824 (287 SE2d 673) (1981). In the instant case appellant's counsel examined the witnesses competently; he summarized the evidence accurately in his closing statement and argued the favorable inferences that might reasonably be drawn therefrom; and his failure to object repeatedly to the judge's comments and rulings (as appellant contends he should have done) was proper in that the judge did nothing to which objection was appropriate.

2. Also without merit are appellant's enumerations regarding the sufficiency of evidence and the denial of his motions for a directed verdict and for a new trial. A directed verdict is appropriate only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal . . ." OCGA § 17-9-1(a) (Code Ann. § 27-1802). Although the denial of a motion for a directed verdict of acquittal is reviewable on appeal, *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975), it is a basis for reversal only when the evidence demands a verdict of not guilty. *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978); *Cleveland v. State,* 155 Ga. App. 267 (270 SE2d 687) (1980); *Battle v. State,* 155 Ga. App. 541 (271 SE2d 679) (1980).

In the instant case there were a number of conflicts in the evidence regarding material issues of fact. For example, there was conflicting testimony as to whether the arresting officer asked to see appellant's driver's license. Subsection (a) of OCGA § 40-5-29 (Code Ann. § 68B-210) requires that a driver have his license "in his immediate possession" whenever he operates a vehicle, and subsection (b) mandates that a refusal to display the license upon demand of a law enforcement officer "not only shall constitute a

violation of this subsection but shall also give rise to a presumption of a violation of subsection (a) . . ." Although, as appellant argues, the production of a valid license at trial operated to defeat the statutory presumption, *McCook v. State,* 145 Ga. App. 3 (243 SE2d 289) (1978), the charge was proper and the conflicting evidence required submission to the jury. *Smith v. State,* 158 Ga. App. 663 (281 SE2d 631) (1981). There were also conflicts in the testimony regarding the other two charges: e.g., whether the truck's engine was running, whether the appellant and the officer exchanged blows, whether the officer blew his horn and appellant heard it, at what point the officer turned on his siren, and how long the truck remained standing in the traffic lane. The trial court did not err in denying the motion for a directed verdict.

Likewise, the court did not err in denying the motion for a new trial. The evidence was sufficient to support the verdict of guilty on all counts, and the other grounds alleged in the motion for new trial were also without merit, as noted in Division 1.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 14, 1983.

*F. Robert Raley,* for appellant.

*Clarence H. Clay, Jr., Solicitor, David M. Baxter, Assistant Solicitor,* for appellee.