## 65977. BAGBY v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of one count of armed robbery, three counts of aggravated assault, one count of criminal damage to property in the second degree, one count of possession of a sawed-off shotgun and two counts relating to altered or removed vehicle identification numbers.

Appointed counsel for appellant has filed a motion to withdraw pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In accordance with Anders, counsel has filed a brief raising a point of law which counsel believes arguably could support the appeal, that point being the trial court's failure to give, without written request, a charge on the "lesser included offense" of simple assault. Also appellant has filed his own pro se brief asserting that his conviction should be reversed on the basis of ineffective assistance of counsel. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), we have fully examined the record and transcript to determine independently if any errors of law occurred.

We find that the points raised by counsel and appellant are without merit and our independent examination discloses no errors requiring reversal. Even assuming that the evidence might have authorized a charge on simple assault, no reversible error is shown by the failure to give such a charge in the instant case. "The trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976). From our own review of the record, we conclude appellant was not denied effective assistance of counsel. See generally *Guthrie v. State,* 160 Ga. App. 824 (287 SE2d 673) (1982). Accordingly, we grant the motion to withdraw and affirm appellant's convictions. After a review of the entire record, we find that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's

guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 18, 1983.

Robert Scott Bagby, *pro se.*

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.