This is a case of termination of parental rights.
Barbara Jean Gentry, twenty-one years of age at the time of hearing in the court below, is the mother of two illegitimate daughters — Kim, born November 12, 1977, and Bobbie, born November 15, 1981. The mother was fourteen and in the eighth grade at the time of Kim's birth. She quit school the following year. She lived with her mother and relied upon Aid to Dependent Children for support.
The evidence disclosed that the alleged father of Kim denied paternity. The mother stated she had "no idea" as to the identity of the father of Bobbie. There were several men with whom she was sexually active. The grandmother provided most of the attention given to the care and feeding of the children subsequent to birth. In 1982, in response to report of the grandmother, the Department of Pensions and Security began an investigation of dependency and neglect. The finding was that the mother was then living with an older man in a trailer away from the children; that the home was crowded with people and was dirty and unsanitary with some using a hole in the floor as a toilet; there was no indoor bathroom, nor running water; there were reports of fights in the presence of the children.
As a result of the investigation, DPS filed a petition in the Circuit Court of Cleburne County in December 1982, alleging *Page 930 
dependency of the children. After hearing, an order of dependency was entered and temporary custody of the children was given to DPS for planning and foster home care. A treatment plan was presented by DPS to the mother for correction of existing conditions and possible return of the children. The case was scheduled for review by the court every three months.
Efforts to rehabilitate the mother through employment, counseling and securing sufficient housing continued without notable success until July 25, 1983, when DPS filed a petition for termination of parental rights.
After an extensive hearing, the court, in February 1984, entered its order terminating the parental rights of the mother to each child, placed permanent custody in DPS with authority to proceed with permanent planning for them.
The mother makes two contentions on appeal: (1) that testimony of the social worker as to statements made to her by 5-year-old Kim was inadmissible as hearsay, and (2) it was error to permit the filing of a memorandum of interview by a mental health therapist with the oldest child, Kim.
In response to the first contention, it must be remembered that the judgment from which this appeal was taken is one of disposition entered subsequent to the prior determination of dependency. Section 12-15-65 (f), Code of Alabama 1975, provides that: "In disposition hearings all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value, even though not competent in a hearing on the petition." It is evident that the "petition" referred to is the original petition wherein the dependency of a child is charged and from which there is a hearing and determination of such dependency. The hearing upon the "petition" is that referred to in § 12-15-65 (e). The "petition" was heard and decision rendered thereon in this case in December 1982. The court thereafter did not proceed immediately, as it might have done, to make proper disposition of the case. § 12-15-65 (e). It did proceed under § 12-15-65 (g) to continue disposition for investigation, planning and receiving reports to the end of determining the best interest of the children. After setting periodic reviews and receiving reports and having hearing on the progress, if any, of the parental planning, the court held the final disposition hearing.
It was during that hearing that a social worker of DPS and a psychotherapist testified after having previously filed a report with the court as directed, which report, according to the record, had been filed on or about July 1, 1983. The testimony objected to and complained of here on appeal was as to statements made to the therapist by five-year-old Kim while in session of treatment. The statement was to the effect that she had been taught by her mother to "play with herself" (masturbate); that her mother's lover and brother had put their fingers in her genitals; and that she had been ordered by her mother to stand by the bed and watch while the mother and her live-in lover performed sexual intercourse. The therapist was directed by the court to relate the child's graphically descriptive statement in the child's own words. We will not set those words out here, but observe as did the witness, that a five-year-old child would not be expected to know or be able to express what she saw or experienced in the terms used unless she had actually seen and experienced them. This court cannot accept that such a revelation by a child to her therapist is not extremely relevant and material as a part of the total evidence in determining whether to return two small "dependent" children to their mother or to terminate the parental relationship. The fact of her having knowledge of such acts and the words to vividly describe them is enough, without regard to their truth or falsity, to indicate the environment in which she and her sister had lived. Perhaps such fact would provide an exception to the hearsay rule, though we do not so decide. *Page 931 
There is a distinction recognized widely, particularly in jurisdictions with statutes similar to our § 12-15-65 (f), between admissibility of evidence at adjudicatory and dispositional hearings in juvenile cases. B.G. v. State,143 Ga. App. 725, 240 S.E.2d 133 (1977); State v. Robinson,353 So.2d 442 (La.App. 1977); Tyler v. State, 512 S.W.2d 46
(Tex.Civ.App. 1974). We find the court had sufficient authority, perhaps obligation, to hear the testimony, which was already filed in a written report, under § 12-15-65 (f), and where opportunity for cross-examination of the author of the report was presented. Worley v. Jinks, 361 So.2d 1082, 1089
(Ala.Civ.App.), cert. quashed, 361 So.2d 1089 (Ala. 1978).
The second contention of the mother as to the filing of a memorandum by the therapist of her conversation with Kim, from which she testified, is answered by what we have already said and § 12-15-65 (f), and our cases of Hyde v. State Departmentof Pensions and Security, 382 So.2d 573 (Ala.Civ.App. 1980), and Kelley v. State Department of Pensions and Security,366 So.2d 736 (Ala.Civ.App. 1979).
Having responded to the issues presented, we now say that assuming for argument possible error, such error would not require reversal because there is other clear and convincing evidence of the total disregard and neglect of her children by the mother in this case. Rule 45, A.R.A.P. We have previously related some of that evidence and perceive no need to relate more. However, we comment that there was a guardian ad litem representing these children throughout these proceedings. It was his recommendation that the mother's rights be terminated.
It is the opinion of this court that the presumption of correctness of the judgment of the trial court is fully supported by material and relevant evidence. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.