This is a termination of parental rights case.
After lengthy ore tenus proceedings the Juvenile Court of Jefferson County ordered the permanent termination of all the rights of the mother, Mildred McCulloch, in her three children, Amber, Holly, and Timothy. The mother appealed to circuit court. The appeal was transferred to this court. We affirm.
The mother first contends that there was not sufficient, clear, and convincing evidence to support the court's findings. We disagree.
Although parents have a prima facie right to the custody of their children, this right can be overcome by clear and convincing evidence that permanent removal from the parents' custody is in the children's best interests. Fitzgerald v.Fitzgerald, 490 So.2d 4 (Ala.Civ.App. 1986). There must be evidence that is clear and convincing that the children are dependent and that there are no less drastic alternatives to termination of parental rights. Fitzgerald, supra.
In a child custody case the judgment of the trial court is presumed to be correct and will not be altered on appeal unless plainly and palpably wrong. Matter of Moore, 470 So.2d 1269
(Ala.Civ.App. 1985). The trial court, in determining *Page 70 
whether to terminate parental rights, may consider such factors as the emotional or mental illness of the mother, the failure of the efforts of the Department of Human Resources (DHR) to rehabilitate the mother and the failure of the mother to adjust her circumstances to meet the children's needs. §§ 26-18-7(a) and -7(b), Code 1975.
Before we review the mother's contention that the evidence is not so clear and convincing as to warrant the termination of her parental rights, we must consider her contention that a certain DHR report was erroneously admitted into evidence at trial. The report objected to was a court summary prepared by a DHR caseworker in contemplation of the termination proceedings. The caseworker was available for cross-examination and, in fact, was cross-examined by the mother's attorney. Thus, we find no error in the admission of the report into evidence. Thompson v. Lauderdale County Department of Pensions Security, 500 So.2d 1084 (Ala.Civ.App. 1986); Gentry v.State Department of Pensions Security, 462 So.2d 929
(Ala.Civ.App. 1984). We now consider whether the trial court terminated the mother's parental rights on evidence that was less than clear and convincing.
The record reveals that the mother had eight children, five of whom were previously adjudged dependent and the mother's rights terminated. The three children in the instant case have been in the custody of DHR continuously since 1983 and sporadically prior to that. DHR had been working with this mother since 1976. DHR offered assistance to this mother to obtain ADC, vocational rehabilitation, counseling, medical treatment, and parenting classes, all of which were unsuccessful due to the mother's lack of cooperation.
This court has previously stated that past history, as well as present circumstances, is properly before the court in a termination proceeding. Fitzgerald, supra. The mother has historically failed to provide proper care for her children. The five other children were taken for the mother's failure to have the children immunized, and her failure to send the children to school. She abducted her five older children while they were in the custody of DHR and removed them from Alabama.
She was evicted from her apartment due to unsanitary conditions and continues to live in substandard housing. The mother neglected to provide the children appropriate medical attention and hospitalization when required. She also failed to provide proper hygiene or shelter. There was evidence during the proceedings on Timothy that the mother is now living in a truck. The testimony further revealed that the mother failed to complete counseling and vocational rehabilitation and has not obtained stable employment.
Mother argues in brief that DHR must prove permanent mental illness prior to a termination of parental rights. Under the Child Protection Act, §§ 26-18-1 through -10, Code 1975, the legislature provided a nonexclusive list of factors which the courts should consider, including emotional or mental illness or mental deficiency. § 26-18-7(a)(2), Code 1975. The statute does not require a showing of permanency but rather a showing that the condition is "of such duration or nature as to render the parent unable to care for needs of the child." §26-18-7(a)(2), Code 1975. There was evidence within the record that indicated the mother suffers a borderline psychological difficulty. This evidence of a mental deficiency was a factor for the trial court to consider.
There was sufficient evidence that the mother had failed to establish a stable residence, secure employment, or change her circumstances. The trial court determined the mother was unwilling to discharge her responsibilities to the children, that she had made no effort to change her circumstances, and that the efforts of DHR had failed. The trial court further noted that the mother's conduct was such as to render her unlikely to change in the future. There is sufficient evidence to support this conclusion.
The record is also clear that DHR sought less drastic alternatives but was unsuccessful. The home of the mother's sister was considered as a relative resource, but since the mother planned to live there it was deemed to be improper.Matter of Moore, *Page 71 supra. No other viable family resources were found by DHR.
The mother's next contention is that the court applied an unconstitutional standard in terminating her parental rights. We disagree. Section 26-18-7, Code 1975, requires clear and convincing evidence before termination. Moreover, the United States Supreme Court has indicated that this is the constitutional standard of review. See, Santosky v. Kramer,455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Review of the record indicates the trial court utilized this standard. Thus, no error here.
Next, mother says there was error in not allowing a jury trial or trial de novo on appeal to circuit court. Mother fails to cite proper authority and argument for this proposition as required by Rule 28(a)(5), Alabama Rules of Appellate Procedure. Thus, we will not consider that issue.International Union (UAW) v. Palmer, 267 Ala. 683,104 So.2d 691 (1956).
Finally, mother argues that the court erred in not hearing the motion to intervene and petition for permanent custody filed by the maternal aunt. The aunt filed the motion during the pendency of the termination proceeding but has not appealed the trial court's denial of her motion. Section 26-18-8(2), Code 1975, provides that a relative may petition the court for custody after parental rights are terminated. Thus aunt's petition and motion were improper until after the termination proceeding. Moreover, the mother cannot raise an issue on appeal affecting a nonappealing party. Harper v. Jackson CountyDepartment of Pensions Security, 494 So.2d 428
(Ala.Civ.App. 1986).
We hold that the trial court's decision to terminate mother's parental rights is supported by clear and convincing evidence.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.