YATES, Judge.
This case involves the termination of parental rights. On May 25, 1990, the Dale County Department of Human Resources (DHR) filed a petition in the juvenile court, alleging that Baby Girl D., who was born on that date, was dependent in that D.D., her mother, had a history of abusing and neglecting her other children. The juvenile court immediately granted DHR exclusive temporary custody of Baby Girl D., pending further proceedings.
Following an ore tenus proceeding on May 29, 1990, the juvenile court entered an order which found Baby Girl D. to be a dependent child. Temporary custody was reaffirmed with DHR, with instructions for DHR to implement any programs necessary to remedy the circumstances causing dependency.
In February 1991, the juvenile court placed physical custody of Baby Girl D. with Baby Girl D.’s maternal aunt and uncle in Louisiana. Subsequently, the mother filed a petition for modification, requesting custody of Baby Girl D. The juvenile court denied the mother’s petition for modification.
In November 1991, DHR petitioned the juvenile court for termination of all parental rights as to Baby Girl D. In its petition, DHR alleged that the father was unknown and otherwise unidentifiable, and that Baby Girl D.’s parents were unable or unwilling to discharge their parental responsibilities and that this situation was unlikely to change in the foreseeable future.
After an ore tenus proceeding, the juvenile court terminated the parental rights of the mother and awarded the exclusive and permanent custody of Baby Girl D. to DHR. A default judgment had been entered earlier against the unknown father, terminating his parental rights. The mother’s motion for new trial was denied, and she appealed. The father is not a party to this appeal.
The mother first contends on appeal that the trial court erred in denying her motion in limine, which requested the court to preclude evidence of child abuse occurring 10 years earlier. Second, the mother contends that the trial court abused its discretion in terminating her parental rights.
As to her first issue, the mother argues that the trial court erred to reversal in admitting evidence of child abuse committed by the mother against another of her children approximately a decade prior to trial. We disagree.
The record revealed that this instance of abuse occurred in Louisiana and the child *720 whom the mother abused nearly died. The mother testified that, as a result, she pleaded guilty to a charge in Louisiana of attempted second-degree murder and served seven years in the state penitentiary. The mother’s parental rights to this child were terminated through the Louisiana court system.
We cannot say that the trial court committed reversible error in allowing into evidence information concerning the mother’s parental rights being terminated on a previous occasion and the circumstances surrounding such termination. “Because the child’s best interest is the controlling consideration, the trial court may examine the conduct and activities of the parent.” In re Shivers, 440 So.2d 1081, 1084 (Ala.Civ.App.1983).
Concerning the mother’s second issue, we note that, although natural parents have a prima facie right to their children’s custody, this right can be overcome by clear and convincing evidence that the children’s best interests will be served by permanently removing them from their parents’ custody. Varnadore v. State Department of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989); McCulloch v. State Department of Human Resources, 536 So.2d 68 (Ala.Civ.App.1988). There first must be clear and convincing evidence that the children are dependent and, second, evidence that no less drastic alternatives exist to the termination of parental rights. McCulloch. “[T]he judgment of the trial court is presumed to be correct and will not be altered on appeal unless plainly and palpably wrong.” Id. at 69.
Also, Ala.Code 1975, § 26-18-7, provides that a court may terminate parental rights if, from clear and convincing evidence, the court finds that the parents are unable or unwilling to discharge their parental responsibilities. That section states that a court, in considering whether or not to terminate parental rights, shall consider, among other things, the parents’ conviction of and imprisonment for a felony. § 26-18-7(a)(4).
Reciting the facts in this case would serve no useful purpose. Suffice it to say that, after reviewing the record and applying the attendant legal principles, this court cannot say that the trial court’s judgment terminating the parental rights of the mother is plainly and palpably wrong so as to require reversal. Accordingly, that judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in result.