YATES, Judge.
This case involves the termination of parental rights of the mother, M.M., as to her three minor children.
The Madison County Department of Human Resources (“DHR”) petitioned the juvenile court in May 1992, seeking temporary legal custody of the children and alleging that the parents were unable or unwilling to discharge their parental responsibilities. The father was, at that time, incarcerated. DHR alleged that the mother had left the children without adequate supervision and had failed to provide adequate medical care. After a hearing, the court found the children to be dependent and ordered DHR to exercise protective supervision over the children. The court ordered the mother and father to follow all instructions given them by medical care providers, to provide adequate supervision and appropriate discipline, and to fully cooperate with DHR. Services were provided to the family from 1992 to 1994, and in 1994 the court received numerous reports and held numerous dispositional hearings. In May 1994, DHR sought and received shelter care custody because of concerns regarding the children’s physical condition and continuous need for medical treatment.
Since that time, the court has held numerous dispositional hearings to determine the mother’s progress toward reunification with the children. Following DHR’s petition in February 1996 to terminate parental rights, the court, after a hearing, found that the three children remained dependent and that it was in their best interests to terminate the parental rights of both the mother and the father and to place the children in the permanent legal custody of DHR.
The mother appeals, arguing that the court erred: (1) in determining that her “conduct and condition rendered her unable to change in the foreseeable future”; and (2) in considering her failure to provide child support, because child support had not been court-ordered. We note that the father died after the mother filed her notice of appeal; he had not appealed.
When a trial court hears disputed ore tenus evidence, its judgment based on that evidence will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong. Fortenberry v. Alabama Dep’t of Pensions & Security, 479 So.2d 54 (Ala.Civ.App.1985); J.L.B. v. State Dep’t of Human Resources, 608 So.2d 1367 (Ala.Civ.App.1992). This court has consistently recognized a parent’s prima facie right to the care and custody of his or her child and has recognized that a termination of parental rights, to be proper, must be in the child’s best interest. See Daniels v. State Dep’t of Human Resources, 530 So.2d 841 (Ala.Civ.App.1988), and A.N.S. v. K.C., 628 So.2d 734 (Ala.Civ.App.1993). After carefully reviewing the evidence, we are persuaded that termination is in the best interests of these three minor children.
Our primary focus in reviewing a termination of parental rights is to protect both the child and the parent. Ex parte Beasley, *176 564 So.2d 950, 952 (Ala.1990). In Beasley, our supreme court applied a two-pronged test to determine whether the trial court had been presented clear and convincing evidence to support a termination of parental rights:
“ Mindful of the serious nature of terminating parental rights, this Court and the Court of Civil Appeals have stated that before a court can terminate an individual’s parental rights it must apply a two-prong test. First, the court must make a ‘finding of dependency.’ Second, after it has determined that the child is ‘dependent,’ the court must inquire as to whether ‘all viable alternatives to termination have been considered.’ ”
Id., at 952 (citations omitted).
DHR first became involved with M.M. in 1984, when at age 13, she became pregnant. Services were provided to M.M. in parenting-skills training; however, in 1985 the child was removed from her custody and, in 1990, her parental rights were terminated. DHR became reinvolved after receiving reports from a hospital regarding repeated medical treatment sought for one of M.M.’s children. Following the birth of her third child, M.M. was placed in DHR’s crisis intervention program. DHR obtained an order of protective supervision over the children following repeated reports of neglect and lack of parental control, beginning in 1992.
The mother admitted to a long history of substance abuse, which contributed to her neglect of, and inability to care for, her children. Further, the mother testified that she was not currently in a position to regain custody of the children and that she could not indicate a time when her condition would improve. The mother stated that she still had a substance abuse problem and that her goal was to seek a long-term drug treatment program that would last from six months to one year. We note that the Child Protection Act, §§ 26-18-1 through -10, Ala.Code 1975, does not require a showing of permanency of a condition, but rather a showing that the condition is “of such a duration or nature as to render the parent unable to eare for needs of the child.” Ala.Code 1975 § 26-18-7(a)(2), McCulloch v. State Dep’t of Human Resources, 536 So.2d 68 (Ala.Civ.App.1988). The mother has never had steady employment and occasionally works as a day laborer. She lives with various relatives and has not maintained a separate residence since losing her public housing because she had failed to maintain the utilities.
It is clear from the record that DHR has exhausted all resources available, without a successful reunification or rehabilitation of the mother and that the mother remains unable to provide for the welfare of her children. There are no viable alternatives to termination. The record also supports the court’s determination to accept the recommendation of the court-appointed juvenile advocate that it terminate the mother’s parental rights based on the mother’s continued use of drugs, her lack of stability in employment and housing, her inability to resume physical custody of the children or to state when she would be able to do so, and the fact that she has never contributed any financial support for the children while they have been in foster care.
Based on the testimony and extensive documentation, we affirm the court’s judgment.
AFFIRMED.
MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.