A04A0274. CRUTCHER v. THE STATE.
(599 SE2d 353)

MIKELL, Judge.

A City Court of Atlanta jury convicted William Crutcher of striking an unattended vehicle, criminal trespass, and disorderly conduct. He was sentenced to 350 hours of community service and 12 months on probation. He appeals, arguing that the evidence was insufficient to support his conviction of striking an unattended vehicle and that the trial court erred in denying his motion for a directed verdict on the disorderly conduct charge. We affirm.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).

So viewed, the evidence shows that on December 10, 2001, Michael Hutcheson and his girlfriend, Laura Wessel, drove into the parking lot of Mellow Mushroom Pizza on Monroe Drive in Atlanta. Hutcheson parked in the space next to Crutcher's vehicle. Wessel and Crutcher opened their doors at the same time, and the doors almost collided. According to Hutcheson, Wessel apologized, but Crutcher became very upset, moved his door in a violent manner, and cursed,

"us[ing] the 'f' word many times." Hutcheson and Wessel left their car and walked toward the restaurant.

Hutcheson testified that as Crutcher pulled out of his parking space, he cut his wheel, pulled extremely close to their car, and released his brake in what appeared to be an effort to strike Hutcheson's vehicle. Believing that Crutcher "was just putting on a show," Hutcheson and Wessel continued walking away. Next, according to Hutcheson's testimony, Crutcher pulled forward and backed out again, striking the bumper of Hutcheson's vehicle and leaving a visible scrape. Hutcheson further testified that as Crutcher drove away, he violently shook his keys out of the car window. While Hutcheson was briefly inside the restaurant, Erik Blumenau, who was walking through the parking lot, witnessed Crutcher scratching Hutcheson's vehicle with his keys. According to Blumenau, when he yelled to Crutcher to stop keying the car, Crutcher drove off. Blumenau identified Crutcher at trial.

When Hutcheson came out of the restaurant, he also observed Crutcher scratching the vehicle with his keys. Hutcheson testified that Crutcher had scratched the words "f-u-c-k, y-o-u" across the trunk and rear quarter panel of the car. Hutcheson immediately called the police. While he was on hold, Hutcheson observed Crutcher make a wrong turn into a dead end portion of the parking lot and was able to read Crutcher's tag number to the police when Crutcher drove past the scene again. At trial, Hutcheson identified Crutcher as the person who struck and keyed his car and yelled at Hutcheson and Wessel.

Officer C. Smail of the City of Atlanta Hit and Run Traffic Fatality Unit testified that he located Crutcher using the tag number provided by Hutcheson, that Crutcher's vehicle had damage consistent with the incident, and that Crutcher stated that no one else drove his vehicle.

1. First, Crutcher contends that the evidence was insufficient to support his conviction of striking an unattended vehicle. OCGA § 40-6-271 (a) provides:

> The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place on the vehicle struck a written notice giving the name and address of the driver and the owner of the vehicle doing the striking.

See also *Burns v. State*, 251 Ga. App. 889, 890 (1) (555 SE2d 209) (2001). Crutcher argues that the state failed to prove that Hutcheson's vehicle was unattended, because Hutcheson was in the parking lot when the collision allegedly took place. We disagree.

Contrary to Crutcher's argument, the record summarized above shows that Hutcheson had walked away from his vehicle when Crutcher struck the bumper. Further, it is undisputed that Crutcher failed to provide Hutcheson with his name and address following the incident. Accordingly, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and we affirm the conviction.

2. Next, Crutcher assigns error to the trial court's denial of his motion for a directed verdict on the disorderly conduct charge.[1] Again, we disagree and affirm.

> A directed verdict is appropriate only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal." OCGA § 17-9-1 (a). Although the denial of a motion for a directed verdict of acquittal is reviewable on appeal, it is a basis for reversal only when the evidence demands a verdict of not guilty.

(Citations and punctuation omitted.) *Johnson v. State*, 165 Ga. App. 773, 775 (2) (302 SE2d 626) (1983). Bearing this standard in mind, we cannot conclude that the record demands that Crutcher be acquitted.

Crutcher was charged with violating OCGA § 16-11-39 (a) (2), which provides: "A person commits the offense of disorderly conduct when such person . . . [a]cts in a violent or tumultuous manner toward another person whereby the property of such person is placed in danger of being damaged or destroyed." He argues that the evidence at most demonstrated that he acted in a violent or tumultuous manner toward Wessel and that the damaged car did not belong to her. However, we cannot conclude that the evidence demonstrated that Crutcher's cursing and violent movement of his car door was directed solely at Wessel as he now alleges. Furthermore, even assuming, arguendo, that those actions were directed only at Wessel, there was evidence that Crutcher "violently" shook his keys at Hutcheson. Additionally, evidence that Hutcheson left the restaurant before being seated to check on his vehicle and that he observed

---

[1] The state withdrew Count 3 of the accusation, which alleged disorderly conduct in violation of OCGA § 16-11-39 (a) (1). Count 4, involving subsection (a) (2) of that statute remained for jury determination and is the subject of this enumerated error.

Crutcher actually damaging the vehicle provides further support for the denial of the motion for a directed verdict and Crutcher's subsequent conviction of this offense. Finding no error, we affirm.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 14, 2004.

*Candace L. Byrd*, for appellant.

*Joseph J. Drolet, Solicitor-General, Jennifer L. Scott, Assistant Solicitor-General*, for appellee.