This is a case relating to termination of parental rights to children.
On January 2, 1980, the Department of Pensions and Security (DPS) filed a petition in the Juvenile Division of the Limestone County District Court seeking permanent custody of Mrs. Elaine Hamilton's five minor children. The district court granted the petition. Mrs. Hamilton appealed to the circuit court which heard the case de novo. After an ore tenus hearing, the circuit court ordered on March 31, 1980, that permanent custody of the five minor children be vested in the State of Alabama, Department of Pensions and Security. Mrs. Hamilton appeals.
The main issue before this court is the sufficiency of the evidence to support the trial court's decree.
Mrs. Hamilton's five minor children were first placed in the temporary custody and under supervision of DPS in October 1978. According to the record, events leading up to that placement were as follows: Mrs. Hamilton came to Alabama from Pennsylvania in July 1978, bringing her five children. Her husband, the father of only one of her children, followed later. DPS became involved with the family in September of 1978 because of difficulty between Mrs. Hamilton and her husband. Investigation revealed that the family was extremely poor. The children were ill-clothed and dirty, living in a residence which was virtually uninhabitable. There were pornographic pictures on the walls. The children did not regularly attend school and had a repulsive odor when they did attend. The residence was that of a man whose wife left him after Mrs. Hamilton came to live there. Mrs. Hamilton's husband was apparently an alcoholic, and she admitted that marital fights, occasionally violent in nature, had occurred in the presence of the children. DPS sought temporary custody of the children and such custody was granted on October 12, 1978. Shortly after the October 12 hearing, Mrs. Hamilton moved back to Pennsylvania without notice to DPS. She occasionally wrote to the children and sent birthday cards. She also visited with them in their foster home by telephone. DPS had little contact with her during the year following the temporary custody hearing.
Mrs. Hamilton testified before the circuit court that she was presently living in Pennsylvania in small but habitable public housing. She was receiving disability income and welfare and was in the process of divorcing her husband. She introduced a letter from the public housing authority in Pennsylvania advising her that if she regained custody of her children she would be eligible for a four-bedroom unit. Almost all of the evidence presented by DPS related solely to events which had occurred in 1978. As to Mrs. Hamilton's present circumstances, DPS introduced no evidence tending to contradict her testimony except written reports of Pennsylvania social workers. *Page 66 
Mrs. Hamilton asserts that the admission of these reports over her hearsay objection was error. We agree. We note that the reports were not prepared at the direction of the trial court, but introduced into evidence by DPS. The author of the reports was not available for cross-examination. See, Kelley v.State Department of Pensions and Security, 366 So.2d 736
(Ala.Civ.App. 1979). Neither was there any in-court testimony to corroborate the information in the reports. See, Worley v.Jinks, 361 So.2d 1082 (Ala.Civ.App.), writ quashed,361 So.2d 1089 (Ala. 1978). The reports were therefore not competent evidence.
The right to maintain family integrity is a fundamental right protected by the due process standards of the Constitution. Mayv. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). In recognition of this right, the Alabama courts indulge a presumption that parental custody will be in the best interests of a child. Borsdorf v. Mills, 49 Ala. App. 658, 275 So.2d 338
(1973). The ultimate consideration in child custody cases is, of course, the welfare of the child. Crews v. Houston CountyDepartment of Pensions and Security, 358 So.2d 451
(Ala.Civ.App.), cert. denied, 358 So.2d 456 (Ala. 1978). The prima facie right of a natural parent to custody of his or her child is therefore overcome where it is shown that such custody would be contrary to the child's best interest. In re Palmer,387 So.2d 215 (Ala.Civ.App. 1980).
Section 12-15-65 (e), Code (1975) provides as follows:
 If the court finds from clear and convincing evidence, competent, material and relevant in nature, that the child is dependent and in need of care or supervision . . . the court may proceed immediately, in the absence of objection showing good cause or at a postponed hearing, to make proper disposition of the case.
In the record before us, the competent evidence presented by DPS relates primarily to events and conditions existing prior to the initial taking of the children in 1978. It sheds little light on what is the court's present primary concern, that is, the best interests of the children in light of their mother's present ability to care for them. We recognize the possible cost and difficulty of obtaining such information and presenting it at trial. However, without evidence as to the parent's present ability to care for them and existing conditions of her home and life style, there can be no "clear and convincing" evidence that the children's best interests would be served by terminating the parent's parental rights and placing them in the permanent custody of the State of Alabama. It is evident that the mother intends to live in Pennsylvania. It is therefore necessary to determine what the circumstances of the mother are or would be if the children were returned to her custody in that state. It is also necessary that evidence be presented by the State as to possible alternatives considered and/or what it plans to do with the children when granted permanent custody.
We therefore reverse and remand this cause and direct the trial court to order additional evidence as appropriate under § 12-15-65 (f), Code (1975), and as above suggested.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.