This is a termination of parental rights case.
After an ore tenus hearing the Juvenile Court of Cullman County ordered the permanent termination of all parental rights of the mother and father of Dianna Ann Clingan. The mother appeals. We affirm.
In the main, the mother contends that there was insufficient evidence to show that she has no present ability to care for Dianna and, under Hamilton v. State, 410 So.2d 64 (Ala.Civ.App. 1982), the trial court's judgment is due to be reversed. We disagree. Hamilton was reversed due to an insufficiency of evidence presented by the Department of Pensions and Security (DPS) that the mother was presently unable to care for her children in light of her testimony that she was actively rehabilitating herself. In the case at bar the mother has made little effort toward self-rehabilitation. She is working as a live-in companion and housekeeper for an elderly lady, Mrs. Walls, and her middle-aged son, for shelter and food and her medical bills, but works without cash compensation. Her only income derives from odd jobs such as mowing lawns and other yard work, though she does this only intermittently. Her husband evidently has a drinking problem. She is separated from him and his location is unknown. Should Dianna be returned to her mother's custody, it would be to live with her at the Wallses' home. They have recently moved, but the house in which they were living at the time of the last DPS visit was described as not being a fit house in which to rear a child. There was testimony from which the trial court could find that Mrs. Walls slept in the living room and the mother, who is not divorced from the father, slept in the bedroom with Mr. Walls. There was also testimony that on the one occasion when the mother obtained temporary custody of Dianna, Mr. Walls was abusive towards Dianna such that she and her mother walked several miles in the rain to spend the night with a neighbor. Dianna was returned to DPS the next day and has not been in her mother's custody again. The environment into which the court would be releasing the child is a factor the trial court can consider. See Wix v. State Department of Pensions Security,464 So.2d 118 (Ala.Civ.App. 1985). Thus, unlike Hamilton, the mother has clearly and convincingly been shown to have no present ability to care for her child and has shown little, if any, effort at self-rehabilitation.
She has also admitted that she is unable to provide financial support for Dianna, who has been in the custody of DPS since 1980 when she was five years old. When a parent is unable to provide for her child's material needs, and the child is not in its parent's physical custody, the mother's parental rights can be terminated under the 1984 Child Protection Act (the Act). §26-18-7 (b)(1), Code 1975. The mother has also failed to visit her daughter regularly since she has been in the custody of *Page 437 
DPS, once going for two years without a visit, and this is also a ground upon which a noncustodial parent's parental rights can be terminated under the Act. § 26-18-7 (b)(2), Code 1975. The mother has given birth to eight children and none reside with her since they have all been removed from her care and custody. This, too, the court could consider. Wix, supra.
The evidence is also clear that DPS sought less drastic alternatives than termination of the parents' rights, but was unsuccessful. They discussed placing the children with other relatives but were unable to interest them. DPS also worked extensively with the mother in attempts at rehabilitation, all of which were unsuccessful. The evidence was therefore clear and convincing that it is in Dianna's best interests to have her mother's parental rights terminated and Dianna placed for adoptive planning. § 26-18-8 (1), Code 1975.
A natural parent has a prima facie right to her child, which can be overcome only by proof of clear and convincing evidence that it is in the child's best interests to be removed from the parent. Matter of Mastin, 462 So.2d 938 (Ala.Civ.App. 1984); § 12-15-71 (a)(6), Code 1975. When the trial court, sitting without a jury, terminates a parent's custodial rights, its judgment is presumptively correct and due to be set aside only for a clear and palpable abuse of its discretion or a misapplication of the law. Matter of Redmon, 460 So.2d 1317
(Ala.Civ.App. 1984). We find that the judgment of the trial court is amply supported by clear and convincing evidence and that the trial court did not abuse its discretion.
Finally, the mother argues that the trial court violated her rights to due process by stating in its opinion that it had based its decision partly on exhibits which the mother contends were neither introduced nor admitted at trial. We disagree. The transcript of the trial contains a DPS report which was prepared for the Cullman County District Court and it states on its face that it was filed in open court. Predisposition studies of this kind are provided for, § 12-15-69 (a), Code 1975, and the trial court has broad discretion in using them.See, e.g., Worley v. Jinks, 361 So.2d 1082 (Ala.Civ.App. 1978). This is especially so when they show on their face that they were properly before the trial court and no evidence is presented to show otherwise. We further note that no timely objection was made as to this exhibit, and any objection not timely made is deemed waived. See Matter of Rhodes,444 So.2d 879 (Ala.Civ.App. 1984).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.