This appeal concerns the termination of parental rights.
Dawn Centers was placed in custody of the Jackson County Department of Pensions and Security (DPS) on June 30, 1982, as a dependent child. On January 19, 1983, she gave birth, out of wedlock, to Brandy Centers. Thereafter, Dawn and Brandy resided together in a foster home until April 25, 1983, when Dawn ran away with Brandy and two other children and spent the night in an abandoned house. On June 3, 1983, DPS filed a petition, alleging Brandy was a dependent child without parental support. Dawn again ran away from the foster home with a twelve-year-old boy. On this occasion, to escape possible detection, Dawn disconnected the electrical monitor to Brandy, who was subject to Sudden Infant Death Syndrome, and left the child unattended. On July 29, 1983, the petition was amended to give immediate temporary custody of Brandy to DPS. On June 28, 1984, the petition was amended to terminate the parental rights of Dawn. After an ore tenus hearing on December 5, 1984, the trial court terminated the parental rights of Dawn Centers and authorized to place the child for adoption.
The issues on appeal are whether the evidence submitted at trial supports the court's judgment and whether the trial court complied with Rule 24 and Rule 25, Alabama Rules of Juvenile Procedure. As to the second contention of error, it is presented here on appeal for the first time.
 "If there was improper procedure or an absence of proper procedure at trial, the attention of the trial judge must have been directed to it either at the time or by proper and timely post-trial motion. Without such in the record, there is nothing for our review. . . ."
Embroy v. State Department of Pensions and Security State ofAlabama, 450 So.2d 127, 129 (Ala.Civ.App. 1984); Hinds v. Hinds,415 So.2d 1122 (Ala.Civ.App. 1982).
After her episode with the twelve-year-old boy, Dawn was again placed in the Marshall County Attention Home. From there she ran away on three different occasions, once with a fourteen-year-old boy and twice with other children. Dawn was returned to her father's care, and DPS was relieved of her custody in May 1984. From April to August 1984, Dawn's whereabouts were unknown. At the time of the hearing, Dawn was living in Blountsville with a family consisting of a husband and wife, son and daughter-in-law, and a nineteen-year-old son. She is unemployed and has no source of income.
In the more than two years she was in custody of DPS, Dawn refused counseling and vocational training offered to her. She was diagnosed in the borderline category of intelligence. Persons in this category tend to be immature, narcissistic, self-indulgent, and a passive-dependent person demanding excessive attention of others and being resentful of demands made of her. While in the foster home, her attention to Brandy greatly diminished, and she did not feed or care for her. Dawn did visit Brandy once a month the last few months before the hearing.
The ultimate consideration in child custody cases is the child's welfare. Phillips v. Alabama Department of Pensions andSecurity, 394 So.2d 51 (Ala.Civ.App. 1981). "A natural parent has a prima facie right to custody of his or her child." *Page 1071 Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075, 1077
(Ala.Civ.App. 1982). However, the parent's custodial rights are not controlling where such custody is not in the child's best interest. Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App. 1977).
The court's judgment, after an ore tenus hearing, will be presumed correct and will not be disturbed unless palpably wrong. Phillips, 394 So.2d 51. "[T]ermination of parental rights by the State should occur only upon strong proof of abuse and/or continuing neglect of the welfare of the child."Glover v. Alabama Department of Pensions and Security,401 So.2d 786, 789 (Ala.Civ.App. 1981).
After reading and studying the record before us and briefs of counsel, we find the evidence clear and convincing, which is the ultimate issue in this case, that it would be in the child's best interest to terminate the parental rights of Dawn.See Lewis v. State Department of Pensions and Security,426 So.2d 862 (Ala.Civ.App. 1983). She has neglected the physical and medical needs of the child. She has limited intelligence, few parenting skills, and has made no progress in those skills or otherwise after over two years of supportive services offered to her by DPS. She has neither the physical means nor the mental desire to care for a child. In fact, some of her actions were flagrantly against the health and welfare of her child.
We find that the judgment rendered by the trial court was in the best interest of the child and not palpably wrong.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.