HOLMES, Judge.
This is a termination of parental lights case.
Following an ore tenus hearing, the Jefferson County Juvenile Court ordered the termination of the parental rights of Or-lease Nelson in her son, Maurice. Permanent legal custody of the child was vested in the Alabama Department of Pensions and Security (DPS). DPS was also given the authority to place the child for adoption.
The mother appeals to this court. We affirm.
The evidence having been presented to the trial court ore tenus, that court’s decision to terminate the mother’s parental rights is presumed to be correct and will not be set aside on appeal, unless it is so unsupported by the evidence as to be palpably wrong. Lee v. Jackson County De *1184 partment of Pensions and Security, 470 So.2d 1294 (Ala.Civ.App.1985).
The dispositive issue on appeal is whether there was clear and convincing evidence to support the trial court’s decision that the mother’s parental rights should be terminated. It is a well-established principle that a natural parent has a prima facie right to custody of his or her child. This right can be overcome, however, by clear and convincing evidence that removal from the parent’s custody is in the child’s best interest. Haag v. Cherokee County Department of Pensions and Security, [Ms. January 15, 1986] (Ala.Civ. App.1986); In the Matter of Clingan, 471 So.2d 435 (Ala.Civ.App.1985).
We find that the record in this case contains clear and convincing evidence which supports the trial court’s decision to terminate the mother’s parental rights.
The record shows that in May 1980 the child was admitted to a hospital due to severe respiratory distress. He was apparently close to having a respiratory arrest and was placed in the intensive care unit. According to a DPS report, the hospital staff reported that the mother did not appear to understand the seriousness of the child’s condition or to be concerned about him. He had apparently been hospitalized once before.
The hospital contacted DPS, which obtained temporary custody of the child and placed him in a foster home. Thereafter, DPS workers conducted several interviews with the mother and investigations of her home. The home was occupied by numerous adults and children. There was testimony that at one point the mother shared a bed with one of her other sons and her sister. The bed was located in what was described as a walk-in closet.
The house itself was extremely dirty. A DPS worker testified that DPS had explained to the mother the importance of keeping the house clean if the child was to return to live there so that his respiratory problems would not be aggravated. Rather than improving, the subsequent investigations indicated that the filthy condition of the house appeared to worsen. Another DPS worker who investigated the home in April 1984 testified that at that time the floors were dirty and had food residue on them. Tables were dirty, and there were dirty dishes with food in them on the tables. The worker saw mold in some of the food on the dishes. The worker also saw bugs running throughout the kitchen.
Finally, the DPS reports and the testimony of DPS workers at the ore tenus hearing reveal a pattern of consistent lack of concern on the part of the mother for the child or his well-being. The mother denied that the child was sick, apparently even when he was hospitalized. After he was placed in foster care, the mother visited with the child over the next four to five years only five or six times. During most visits she showed little interest in the child.
The mother, who is twenty-nine years old, is physically handicapped. She is partially paralyzed and apparently takes medication to prevent her from having seizures. DPS investigated the possibility of placing the child with relatives, but no relatives were found who would agree to take the child.
Based upon the above, it is our opinion that there is clear and convincing evidence that it was in the child’s best interest to terminate the mother’s parental rights, and that no less drastic alternative was available.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.