BRADLEY, Judge.
This is a termination of parental rights case.
On October 4,1985 the Lauderdale County Department of Pensions and Security (county department) filed a petition in the Juvenile Court of Lauderdale County asking that LeRoysha Fay Thompson be declared a dependent child, that the parental rights of the mother, Rebecca Thompson, in the child be terminated, and that permanent custody of the child be placed with the county department so that the child could be made available for adoption.
After a hearing, the parental rights of Rebecca Thompson in the child were terminated and Ms. Thompson appeals.
The mother’s first issue is that the evidence does not support the termination decree because certain evidence was erroneously admitted by the trial court at the dispositional hearing.
She says that the trial court erroneously admitted into evidence a written report prepared by Dr. Joseph P. Sides, a psychologist, of an evaluation he made of Rebecca Thompson’s mental condition. She relies on the case of Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982), for the proposition that the report is hearsay evidence. In Hamilton this court held that written reports made by Pennsylvania social workers were inadmissible because they were hearsay evidence. We said that the reports were not prepared at the direction of the trial court, nor were the authors of the reports available for cross-examination.
In the case at bar, the mother was ordered by the trial court to submit to the examination by Dr. Sides. The information in Dr. Sides’s report was then included as an attachment to the report filed with the court by a social worker for the dispositional hearing. The social worker who authored the court report was present at the hearing and was cross-examined by the mother. Under these circumstances and because this was a dispositional hearing, we find that the court’s acceptance of Dr. Sides’s report into evidence did not constitute reversible error. See, Gentry v. State Department of Pensions & Security, 462 So.2d 929 (Ala.Civ.App.1984).
Assuming arguendo that error was committed due to the court’s acceptance of Dr. Sides’s report, such érror would not require reversal, because there was other convincing evidence before the court to support its decision to terminate Ms. Thompson’s rights in the child. Rule 45, Alabama Rules of Appellate Procedure. A careful review of the record indicates that the information in Dr. Sides’s report was substantially corroborated by testimony from the social workers who had worked with Ms. Thompson and by Mr. Ackley, a counselor specializing in therapy for those with emotional and family problems.
*1086 The mother also says that the testimony of Terry Ackley should have been excluded because he was not qualified as an expert.
Whether to allow a witness to testify as an expert is a matter within the sound discretion of the trial court, and such exercise will not be reversed except for a palpable abuse of that discretion. Fortenberry v. Alabama Department of Pensions & Security, 479 So.2d 54 (Ala.Civ.App.1985).
Mr. Ackley was program director for Developmental Disabilities at Riverbend Center for Mental Health. He has been so employed for about fifteen months. He holds a graduate degree in mental retardation from the University of North Alabama. Mr. Ackley testified that he works with people who seek counseling and therapy for emotional and family problems, and that Dr. Sides referred Ms. Thompson to him for counseling.
Mr. Ackley based his opinion as to Ms. Thompson’s mental condition not only on his personal observations of Ms. Thompson but also on Dr. Sides’s report, which was kept as a part of the business records at the Riverbend mental health facility. We find no error in the trial court’s admission of Mr. Ackley’s testimony.
Having concluded that the trial court did not erroneously admit the evidence in question, we conclude that the evidence was sufficient to support the trial court’s decree.
Ms. Thompson next contends that the trial court failed to pursue less drastic measures than termination of parental rights. This failure, she says, is cause for reversal of the decree.
Foremost among the factors for a trial court to consider in terminating parental rights is less drastic measures than permanent removal of parental custody. Miller v. Alabama Department of Pensions & Security, 374 So.2d 1370 (Ala.Civ.App.1979).
The record shows that at the time of the hearing Ms. Thompson was eighteen years old and pregnant with another child. Ms. Thompson has never been married. At the time of the hearing the child who is the subject of this case was approximately twenty-one months old. The paternity of this child has never been established.
When Ms. Thompson first experienced problems in caring for her child, temporary custody of the child was placed with a sister of Ms. Thompson’s. The child was six months old at that time. During this time the sister allowed Ms. Thompson to keep the child, and it was during this time that Ms. Thompson said that she was feeding the child Coca-Cola and turnip greens. It appeared that the child was underweight for her age. Subsequently the child was placed in the custody of the county department.
While the child was in the custody of the county department, the social workers attempted to get Ms. Thompson to attend mental health counseling. She refused to do so. The county department also urged Ms. Thompson to attend parenting classes. Ms. Thompson failed to attend these classes.
The social workers sought to enlist Ms. Thompson’s mother’s aid in getting Ms. Thompson in counseling classes, but this effort failed because the mother failed to cooperate due to either a lack of understanding or fear. It appeared that the mother was afraid of Ms. Thompson.
Another sister of Ms. Thompson’s refused to accept the child because of her marital problems.
Ms. Thompson’s two brothers were considered as possible custodians but were deemed inappropriate.
Based on the above evidence, we believe that the trial court did consider measures less drastic than the termination of Ms. Thompson’s parental rights. No error here.
Finally, Ms. Thompson says that the county department failed to prove a viable alternative to returning custody of the child to her.
The record reveals that the county department sought permanent custody of the child so that she might be placed for adoption.
*1087 The evidence reveals that Ms. Thompson was diagnosed as being schizophrenic and borderline mentally retarded. Ms. Thompson was found to be violent and dangerous. She had threatened her mother’s life, as well as her own. She had also exhibited her violent tendencies by taking her child and swinging her against a wall. Moreover, the counselor, Mr. Ackley, stated that Ms. Thompson presented a continuing danger to her child.
Agents from the county department stated that the young age of the child made her a much more acceptable candidate for adoption than if she were older. Also, they said that the child needed a more stable and permanent home environment.
In view of this evidence, the decision of the trial court to authorize the county department to place the child in a suitably permanent home where her physical and emotional needs could be satisfied certainly presents a more acceptable alternative to returning custody of the child to the mother.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.