EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a parental rights termination case where only the father has appealed. He presents four issues through his most able appellate counsel.
After a petition was filed which alleged that the father’s one-day-old child was dependent, the trial court entered an ex parte order that the baby be taken into immediate custody. Because of the presentation of a sworn statement which placed in serious question the ability of both parents to provide care to the child, and since a decision as to the child’s immediate safety had to be made before the baby would be released from the hospital, there was no error in that order. § 12-15-53(d), Code 1975.
A hearing was held as to dependency within seventy-two hours of the baby’s ex parte placement with the Jackson County Department of Pensions and Security (DPS). The sheriff’s return upon the summons certifies that copies of the petition were served upon both of the parents. At the commencement of the hearing the juvenile court announced or explained that it was to be a child detention hearing on a petition which alleged dependency. The trial court had previously appointed an attorney to represent both parents. The father declined that representation and, since he wished to represent himself, the trial court permitted him to do so. The attorney represented the mother as her guardian ad *430 litem at that hearing. We find that the trial court substantially complied with section 12-15-60(c), Code 1975, but even if the explanation as to the contents of the petition is considered to be inadequate, no such defect was ever presented to the trial court. It was never ruled upon by the juvenile court but has been presented here on appeal for the first time. Consequently, there is nothing for our review. Centers v. Jackson County Department of Pensions & Security, 472 So.2d 1069 (Ala.Civ.App.1985).
The father also contends that the trial court erred in not providing appointed counsel for the mother at the dispositional hearing. The mother had appointed counsel at the dependency hearing but, just before the beginning of the dispositional hearing, she waived further representation by appointed counsel at the urging, insistence, and advice of her husband, the father of the child. The father represented himself and conducted the defense of both parents. Only the father has appealed. The father may not take one position in the trial court upon an issue, gain a favorable ruling thereon, and then raise that ruling as error on appeal. Such action by the father constitutes “invited error.” State Farm Mutual Automobile Insurance Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974). Also, we do not find that the father has been prejudiced by any defects in the mother’s waiver of trial counsel. Moreover, he cannot raise an issue which apparently affected only the nonappealing mother. Johnson v. Brown, 437 So.2d 1273 (Ala.1983).
Last, the father argues that the evidence was not adequate to support either the trial court’s findings of dependency or the award of permanent custody to DPS with the termination of his parental rights.
The right to maintain family integrity is a fundamental right. Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982). There is a presumption that a child’s best interests will be served by placing the child in the custody of the natural parent and, in order to remove a child from the custody of a natural parent, the evidence must be clear and convincing that it would be against the best interests of the child to remain with the natural parent. Gaddy v. Alabama Department of Pensions & Security, 428 So.2d 91 (Ala.Civ.App.1983). Before parental rights may be terminated, the trial court must find from clear and convincing evidence that the child is dependent and, after dependency is found, the trial court must consider alternatives to the termination of parental rights and must decide if less drastic measures would best serve the interests of the child. Landers v. Association for Guidance, Aid, Placement & Empathy of North Alabama, Inc., 472 So.2d 1055 (Ala.Civ.App.1985). After an ore tenus evidentiary hearing, the trial court’s judgment is presumed to be correct and will not be disturbed unless it was so contrary to the evidence as to be palpably wrong. Landers, 472 So.2d at 1057; Centers, 472 So.2d at 1071; Gaddy, 428 So.2d at 93.
We have read and studied the helpful briefs of counsel and find that the final judgment of the trial court was supported by clear and convincing evidence that the child was a dependent child, that it was not in the best interests of the child to remain in her parents’ custody and that no viable alternative existed other than the termination of the parental rights of the natural parents. The trial court’s final judgment was not palpably wrong. No benefit would inure to precedent or to the child or to the natural parents by a summary of the facts. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.