BEATTY, Justice
(dissenting).
I must respectfully dissent from the majority’s decision to quash as improvidently granted the writ of certiorari issued in this case.
In this parental-rights-termination case, the mother was ordered by the trial court to submit to a psychological examination by Dr. Joseph P. Sides. Then, at the dispo-sitional hearing of this case, Dr. Sides’s report was admitted into evidence as an attachment to a report filed by the social worker. The social worker was present at the hearing and was cross-examined by the mother’s counsel; however, Dr. Sides was not present and was not cross-examined. The mother argues that the admission into evidence of this psychological report constituted reversible error.
The Court of Civil Appeals affirmed on two bases: First, it held that no error had been committed, because the social worker had been present in court and had been cross-examined by the mother’s counsel. Second, that court found the error, if any, to be harmless under Rule 45, A.R.App.P. See Thompson v. Lauderdale County Department of Pensions & Security, 500 So.2d 1084 (Ala.Civ.App.1986).
Neither of the reasons given by the Court of Civil Appeals is sufficient to justify the admission of a report that is obvious *1088 ly filled with hearsay. Code of 1975, § 12-15-65(f), provides:
“In disposition hearings all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though not competent in a hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports.” (Emphasis added.)
This section is clearly mandatory.
The mother in this case has argued that she has not been given the opportunity to cross-examine the person that “made” the psychological report considered by the trial court. The Court of Civil Appeals holds such report admissible simply because the person “offering” the report was available for cross-examination. This is contrary to the plain language of the applicable statute.
Further, it is clear that the admission of this report, if in error, was not harmless. On this issue, the reasoning of the Court of Civil Appeals appears to have been circular. It found the erroneous admission of Dr. Sides’s report to be harmless error because the testimony at trial, particularly that of Mr. Terry Ackley, program director for development disabilities at Riverbend Center for Mental Health, corroborated the information contained in Dr. Sides's report. However, the testimony given by Mr. Ack-ley was based in large part upon the very same report the mother argues was inadmissible. Such reasoning should not be used to pretermit discussion of the true issue in this case: Whether the trial court committed reversible error by admitting Dr. Sides’s report into evidence without also giving the mother an opportunity to cross-examine Dr. Sides as the “maker” of the report. The information contained in the report was clearly damaging.
The importance of the dispositional hearing cannot be overstated. It is at this hearing that the final determination is made as to whether or not a parent’s rights must be terminated. Code of 1975, § 12-15-71, provides:
“(a) If a child is found to be dependent, the court may make any of the following orders of disposition to protect the welfare of the child:
“(1) Permit the child to remain with his parents, guardian or other custodian, subject to such conditions and limitations as the court may prescribe;
“(2) Place the child under protective supervision as herein provided or under the supervision of the department of pensions and security;
“(3) Transfer legal custody to any of the following:
“a. The department of pensions and security; provided, that said department is equipped to care for the child;
“b. A local public child-placing agency or private organization or facility willing and able to assume the education, care and maintenance of the child and which is licensed by the department of pensions and security or otherwise authorized by law to receive and provide care for such child; or
“c. A relative or other individual who, after study by the department of pensions and security, is found by the court to be qualified to receive and care for the child;
“(4) In the case of any child 14 years of age or older, where the court finds that the school officials have made a diligent effort to meet the child’s educational needs and, after study, the court further finds that the child is not able to benefit appreciably from further schooling, the court may:
“a. Excuse the child from further compliance with any legal requirement of compulsory school attendance; and
“b. Authorize the child, notwithstanding the provisions of any other law, to be employed in any occupation which is not legally declared hazardous for children under the age of 18;
*1089 “(5) Make such other order as the court in its discretion shall deem to be for the welfare and best interests of the child;
“(6) In appropriate cases, award permanent custody to the department of pensions and security or to a licensed child-placing agency with termination of parental rights and authorization to place for adoption, without appointing a legal custodian or guardian or guardian of the person, or award temporary custody to the same without appointing a legal custodian or guardian or guardian of the person.”
With a parent’s very right to her child depending on the outcome of the disposi-tional hearing, the crucial proceeding, this Court should not sanction a decision that clearly deprives .that parent of her right to cross-examine that person responsible for making the clearly prejudicial report.
I would not quash the writ.
JONES, J., concurs.