INGRAM, Judge.
The Alabama Department of Human Resources obtained custody of the three minor children of James and Marie Franklin at a hearing in the juvenile court. From that judgment the Franklins filed notice of appeal to this court. It was then discovered that the electronic recording device failed to function properly and no record of those proceedings was made. On motion, we transferred the case to the circuit court of Talladega County for trial de novo.
The circuit court, after the hearing, reached the same result the district court had reached at the first hearing, and the parents have again appealed to this court.
The basic issue is whether there was clear and convincing evidence to support the trial court’s determination of dependency and that there were no other viable alternatives to termination of parental rights that would be in the best interests of the children.
The record shows that the three children were put in the temporary custody of the State after an adjudicatory hearing in April 1985. That custody order was based upon evidence supporting allegations of sexual abuse of the children by third parties in the presence of the parents, general neglect, including failure to provide adequate food, clothing, and shelter, and the general inability of the parents to suitably care for their children. After a home visit in August 1985, there were further allegations made regarding sexual abuse of two of the children by friends of the parents. Approximately one year later, the original trial court ordered that parental rights be terminated. Upon finding that there was no record of that proceeding, a new trial was held in January 1987. That court also terminated parental rights in the three children, and the children were placed in the permanent custody of the State for the purpose of adoptive placement. It is from that order that the parents appeal.
The parents contend that the evidence of their present ability to discharge their parental responsibilities does not support termination of parental rights. They assert that their present accommodations are suitable, that they both have matured since their earlier problems, and that the court *627 cannot terminate parental rights based on past conduct of the parents.
As has so often been stated by this court, a decision to terminate parental rights that is based on oral evidence is presumed correct and will not be set aside on appeal unless so unsupported by evidence as to be plainly and palpably wrong. It is also well settled that a trial court may consider evidence of past family history, as well as evidence of present circumstances, in determining whether parental rights should be terminated. Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App.1986); In re Shivers, 440 So.2d 1081 (Ala.Civ.App.1983).
The State first intervened in the affairs of the parents in this case in 1976. It was then determined, based upon the eleven-month-old child’s appearance and a doctor’s diagnosis, that the parents’ first child was suffering from malnutrition. Their second child was born in 1977. There were allegations at that time concerning an offer to exchange that child for a car and $100. The State permanently removed those two children from the custody of the parents in 1979, after attempts at rehabilitating the parents regarding their parental duties apparently were unsuccessful. We have held that evidence such as that above is admissible to show a parent’s general lack of concern for the welfare of her children. The reason is that “[b]ecause the child’s best interest is the controlling consideration, the trial court may examine the conduct and activities of the parent.” In re Shivers, 440 So.2d at 1084.
Regarding the dependency and disposition of the three children concerned in this case, the court made the following findings:
“On hearing the evidence the Court finds that the conduct or condition of the parents is such as to render them unable to properly care for the [children] and that such conduct or condition is unlikely to change in the foreseeable future; that the Department of Human Resources has made diligent efforts to rehabilitate the parents over a period exceeding 10 years and specifically during the life of [these children] so that [they] could be properly cared for and that there is extreme danger to the physical and emotional health of said [children] in continued efforts involving visitation in the home; that the Department has made reasonable efforts, and apparently complete efforts to locate a relative capable of caring for said [children], and none is available; and that the Department is ready, willing, and able to assume custody of said [children] and to make permanent plans for said [children];
“There has been little change in the parenting skills of the mother and father since 1975, although physical housing arrangements and financial stability, through assistance payments, have both improved due to efforts of the Department and other governmental agencies; this is confirmed by a prior termination of the parental rights concerning other children of these parents, a voluntary placement of another child of these parents on a permanent basis, and evidence clearly indicating that the father is not mentally capable of exercising proper parental judgment and discretion and that the mother has such limited mental and social parental capability that she cannot maintain a family situation including care of the father. There is evidence of sexual abuse, and in each instance of allegation, the parents have denied the specific act occurred but admitted other occurrences or improper circumstances; clearly some improper sexual conduct occurred, and in any and all events the parents completely failed to protect one or more of these three siblings from the physical occurrence and also certainly from knowledge of deviate sexual behavior at a tender age....”
Having thoroughly examined the record in this case, we concur in the judgment reached by the trial court. The parents’ contention that the court’s decision was based on incompetent evidence is without merit. They contend that certain confidential reports prepared by the State and submitted to the court were inadmissible under § 12-15-65(e), Code 1975, requiring that dependence be based upon competent evi *628 dence. The authors of those reports were present at trial and subject to cross-examination. Testimony at trial was elicited which corroborated the information in the reports. Under similar circumstances, we have held that reversal is not warranted, especially in light of other clear and convincing evidence establishing grounds for termination of parental rights. See Gentry v. State Department of Pensions & Security, 462 So.2d 929 (Ala.Civ.App.1984).
The gist of the parents’ argument is that without evidence of their present ability to discharge their parental responsibilities, a judgment ordering termination of their parental rights is error. Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982).
This case was initially filed in July 1986. In March of that year an unannounced visit to the parents’ home by a State social worker discovered the wife with a black eye and swollen nose, for which she had gone to the emergency room the night before. The social worker testified that it was obvious that the husband had been drinking heavily the night of the visit and had scratches on his stomach. The parents offered conflicting reports as to the cause of those injuries.
Although it is true that the only evidence regarding the fitness of the parents’ home between August 1985 and August 1986 was that it was adequate, there was no evidence presented that the parents’ ability to care for their children had improved since August 1985. There was evidence, however, that showed that at least two of the children while in the State’s care had become less socially withdrawn, and in general that the condition of the children was much improved. In short, the trial court was well within its legal discretion to determine, based upon the evidence, that the best interests of these children would best be served by permanently removing them from the custody of their parents.
As to the court’s disposition of the children, there was testimony that a search had been made and that there were no relatives who could take the children. No other viable alternatives were available to the court short of termination of parental rights.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.