This is a termination of parental rights case.
After a hearing the Juvenile Court of Marshall County, Alabama ordered the permanent termination of all parental rights of Jimmy and Teresa Burroughs in and to their child, Delia Lynn Burroughs. The parents filed separate appeals and we have consolidated them for decision. We affirm.
The parents contend that the trial court failed to determine whether viable alternatives to the termination of parental rights existed. We disagree.
In a child custody case the overriding consideration is the best interests of the child. Brown v. Alabama Department ofPensions Security, 473 So.2d 533 (Ala.Civ.App. 1985). It is well settled that parents have a prima facie right to the custody of their child. This right, however, yields to that of the best interests of the child in cases where the evidence supports the conclusion that parental custody is contrary to the child's best interests. Matter of Moore, 470 So.2d 1269
(Ala.Civ.App. 1985); In re Palmer, 387 So.2d 215
(Ala.Civ.App. 1980). In making a decision to terminate parental rights, the court should apply a two-pronged test. First, the court must decide from clear and convincing evidence whether the child is dependent under section 26-18-7(a), Code 1975. Second, after determination that the child is a dependent, the court must then decide whether there are viable alternatives to termination of parental rights. Fortenberry v. AlabamaDepartment of Pensions Security, 479 So.2d 54 (Ala.Civ.App. 1985). The record evidence convinces us that both prongs of the test have been satisfied.
The Marshall County Department of Human Resources has had custody of Delia Burroughs since 1982 when she had been left by her mother with a thirteen-year-old babysitter for two days while the whereabouts of the mother, Teresa Burroughs, was unknown. The father, Jimmy Burroughs, was incarcerated at the time and remains so at the present time. In June 1982 Delia was adjudged a dependent by the Juvenile Court of Marshall County. At the time, Teresa Burroughs was living with her mother and was unemployed and had not indicated much concern as to the child's welfare. Teresa Burroughs agreed at that time to attend counseling sessions in an attempt towards rehabilitation, but did not do so.
In October of 1982 Delia Burroughs was placed in the physical custody of her maternal grandmother, Mrs. Martha Kelly, with temporary legal custody maintained by Marshall County Department of Pensions and Security (now known as Department of Human Resources). Mrs. Burroughs continued to reside in her mother's home and no changes as to the child's environment were made. In February 1983 Teresa Burroughs was admitted to North Alabama Regional Hospital for drug and alcohol abuse. In June 1983 the family of five moved to a trailer park and lived in a *Page 678 
two-bedroom trailer. An investigation by the Department revealed an unstable environment for the child. In fact there was some evidence of medical neglect at this time. In October 1983 Mrs. Burroughs was arrested for public intoxication. In November 1983, upon request of the Department, the Juvenile Court of Marshall County removed Delia from the physical custody of Mrs. Kelley and she was placed in a foster home.
The record indicates that Teresa Burroughs was incarcerated during much of the time the child was in the custody of the Department. She exhibited no interest in establishing a home for Delia or in procuring employment so as to support and provide for the child. Efforts were made by the Department to present aid in mental health and parenting classes, which efforts were refused by Mrs. Burroughs. Few contacts were made by Mrs. Burroughs to visit her daughter. In October 1984 Mrs. Burroughs had a motorcycle accident which resulted in permanent disability. She was referred to Vocational Rehabilitation Services but did not utilize the service.
There is sufficient evidence of child neglect on the part of Mrs. Burroughs and that the conditions existing at the initial placement of Delia in March 1982 still existed at the time of the hearing. Neither Jimmy nor Teresa Burroughs is employed, nor do they have any means of support. Neither has provided support during the child's custodial stay with the Department. Visitation by the mother was infrequent, and evidence exists that the father has visited with the child on only two occasions since March 1982. Mr. Burroughs is an inmate of a state prison and Mrs. Burroughs has not maintained a residence suitable for a child. Both parents have been incarcerated on criminal offenses and Mrs. Burroughs had previously been temporarily confined to a psychiatric unit of a Florida Hospital for drug-related problems. Evidence exists that Mrs. Burroughs was suicidal at one point and had threatened a social worker with violence.
There is clear and convincing evidence in the record that the Department tried to work with Mrs. Burroughs repeatedly to develop a plan to place Delia back into Mrs. Burroughs' custody. These efforts were ignored by Mrs. Burroughs, who failed to follow the suggestions outlined to her by the Department.
Teresa Burroughs' lifestyle shows no area of improvement which would suggest a future return of Delia to the home of the parent. The father remains incarcerated on an habitual offender charge, serving a twenty-four year sentence.
The record reveals that the maternal and paternal grandmothers have criminal records and could not provide a stable home environment.
Section 26-18-7(a), Code 1975, outlines several factors that may be considered by the court in parental rights termination cases. The court, however, is not limited to these factors, which include the parents' mental deficiencies, abandonment of the child, failure of reasonable efforts to rehabilitate the parents, and conviction or imprisonment of the parents. The court may also look at the support provided the child by the parent while physical custody remains in another. §26-18-7(b)(1), Code 1975. Another factor to be considered is the regularity of visits with the child. § 26-18-7(b)(2), Code 1975.
There is evidence in the record relating to the above enumerated factors which the court may consider in deciding a parental rights termination case. There is also evidence in the record that the Department considered measures other than termination of parental rights.
In a child custody case the trial court's decision is presumed to be correct and will not be set aside on appeal unless it is shown to be plainly and palpably wrong. Brown,supra. Based on the evidence before us, we do not find the trial court's decision to terminate the parental rights of Teresa and Jimmy Burroughs to be plainly and palpably wrong.
Appellant Jimmy Burroughs also argues on appeal that his attorney had a *Page 679 
conflict of interest and should have withdrawn as his attorney.
This alleged conflict of interest arose after the termination hearing and entry of the order terminating parental rights. The matter was presented to the trial court by way of petition filed more than fourteen days after the termination order. The failure to present the matter to the trial court within fourteen days of the order of termination prevents this court from considering the question on appeal. See, Boyd v. Sellers,431 So.2d 1294 (Ala.Civ.App. 1983); Rule 1, A.R.J.P.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.