This is a termination of parental rights case.
On April 15, 1985 the Department of Pensions and Security (DPS) filed a petition alleging the dependency of Jamie Lee Buchanan. In response, the Marshall County Juvenile Court issued an order granting protective supervision of Jamie, as well as his two brothers, Steven and William Buchanan, to DPS for ninety days.
On May 14, 1985 DPS filed a second dependency petition. This petition requested that Steven Buchanan be removed immediately from his home because of untreated medical problems. A seventy-two hour hearing was held the next day, and the court — at the request of the children's mother — placed all three Buchanan children in the care of DPS.
A dispositional hearing was held concerning the children on June 12, 1985. At the hearing the court ordered that all three children be placed with DPS for placement in foster care. On December 3, 1985, and again on July 29, 1986, the court reviewed its previous findings and ordered that the children remain in the custody of DPS. The court stated that, although reasonable efforts had been made to return the children to their home, circumstances had not changed so as to warrant a modification of the court's previous orders.
On January 7, 1987 the Department of Human Resources (DHR), formerly Department of Pensions and Security, filed three petitions alleging that all three children were dependent, neglected, and in need of protective care. The petitions also alleged, among other things, that the children's parents had failed to make efforts to change their living habits, that their behavior was unlikely to change in the near future, and that the best interests of the children would be served by terminating the parental rights of Edward and Judy Buchanan.
In February 1987 the court held an ore tenus proceeding on the petition of DHR. On August 28, 1987 the court terminated the parental rights of Edward and Judy Buchanan. The court then amended its order on September 8, 1987 and granted permanent custody of the three children to DHR.
The mother appeals.
Our review of a termination of parental rights case is governed by the ore tenus rule. Matter of Colbert,474 So.2d 1143 (Ala.Civ.App. 1985). In other words, if evidence was presented ore tenus at a proceeding to terminate parental rights, the trial court's resulting judgment will be afforded every favorable presumption and left undisturbed on appeal, absent palpable error. Hudgins v. State, 418 So.2d 913
(Ala.Civ.App. 1982).
Before terminating parental rights, a court must first find clear and convincing evidence that a child is dependent.Matter of Colbert, supra; § 12-15-65(e), Code 1975. Upon a finding of dependency, the trial court must examine whether the child's best interests are served by terminating parental rights or by less drastic measures. Colbert, supra.
We have carefully reviewed the record and find that the court was presented clear and convincing evidence which established the dependency of the Buchanan children. Likewise, we find that no less drastic measures than terminating parental rights were available. Accordingly, we affirm.
The record reveals that DHR began protective supervision of the Buchanan children following a report by the mother of *Page 541 
physical abuse to one of the children by his father. Evidence indicates that following DHR's obtaining protective supervision of the children their home situation continued to worsen.
For example, all three children were taken to the pediatrician, who diagnosed them as having respiratory congestion and ear infections. The children were prescribed medicine for their conditions, but evidence indicates that the medicine was not administered.
In its dealings with Mrs. Buchanan, DHR set up a service agreement with her detailing the services the department would offer her, as well as her responsibilities concerning her children. However, testimony indicates that the children still did not receive adequate care.
Mrs. Buchanan has been made aware of DHR's intentions to make plans more permanent than foster care for her children. She was likewise made aware of the changes she would have to effectuate in order to have her children returned.
The record is replete with testimony that no such changes have been made by Mrs. Buchanan. She was told that she needed to maintain a stable environment; she has not. She was asked to engage in counseling and failed to follow through with the sessions. Additionally, both she and Mr. Buchanan remain unemployed.
Finally, the record indicates that DHR investigated the possibilities of placing the children with maternal or paternal relatives. No such resource exists. We would also note that placement with Mr. Buchanan is not a viable alternative. He, like Mrs. Buchanan, has shown little interest in improving his home so that his children can return.
Having determined there is sufficient evidence in the record to uphold the trial court's judgment, we affirm.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.