BRADLEY, Presiding Judge.
This is a termination of parental rights case.
On September 15, 1987 the Tuscaloosa County Department of Human Resources (DHR) filed a petition to terminate the parental rights of Willa Mae Polk and Jason *280 Powell, the natural parents of Barbara Ann Polk, to their daughter, Barbara Ann.
A termination hearing was held, and the court granted DHR’s petition and terminated the rights of both parents. Following the court’s denial of the mother’s motion for new trial or, in the alternative, to alter, amend, or vacate the judgment, the mother appealed.
On review of termination of parental rights, we examine the record pursuant to the ore tenus rule. Buchanan v. Department of Human Resources, 520 So.2d 539 (Ala.Civ.App.1988). In other words, a trial court’s judgment, following the presentation of evidence ore tenus in a termination proceeding, is presumed correct and, absent a showing of palpable error, we will affirm. Buchanan.
When considering whether it should terminate parental rights, the court first must determine the child’s dependency as supported by clear and convincing evidence. Wilson v. State Department of Human Resources, 527 So.2d 1322 (Ala.Civ.App. 1988); § 12-15-65(e), Code 1975. After determining the child’s dependency, the court must then determine whether the termination of parental rights is in the child’s best interests or whether less drastic measures better serve the child’s best interests. Buchanan, supra. In short, there must be clear and convincing evidence that it would be in the child’s best interests to terminate parental rights. Buchanan. This analysis is commonly referred to as the two-pronged test for terminating parental rights. Wilson, supra.
On appeal, the mother contends that neither prong of this test was satisfied, i.e. that there was a lack of clear and convincing evidence to support a dependency finding and that there were less drastic alternatives available than the termination of parental rights.
Although a child’s parents have a prima facie right to custody, the paramount concern in these proceedings is the child’s best interests. Mitchell v. State Department of Human Resources, 513 So.2d 647 (Ala. Civ.App.1987). In determining the child’s best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for their child. Mitchell. If clear and convincing evidence reveals that the parents cannot discharge or are unwilling to discharge these responsibilities, then parental rights may be terminated. Mitchell; § 26-18-7, Code 1975.
We have carefully reviewed the record with these attendant presumptions and principles in mind and find that there is clear and convincing evidence that the mother cannot provide for her child.
Specifically, we note that evidence was presented which established that the mother lost custody of her two older children. One child was declared dependent by the State of Alabama and parental rights terminated; a second child was similarly removed from the mother in the state of Florida. We have stated that such past history is a proper consideration in determining the child’s best interests as it reflects on the parent’s overall lack of concern for her children’s welfare. Franklin v. Department of Human Resources, 513 So.2d 625 (Ala.Civ.App.1987).
Testimony was also presented that indicated the mother had mental problems which would make her unable to provide for her child. On appeal the mother maintains that the evidence offered and considered at trial on the question of her mental capabilities was improperly admitted as it was protected by the patient-psychologist privilege. However, we have dealt with this very problem in the case of Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984), where we held:
“[Wjhere the issue of the mental state of a party to a custody suit is clearly in controversy, and a proper resolution of the custody issue requires disclosure of privileged medical records, the psychologist-patient privilege must yield.” (citation omitted)
Evidence was presented at trial which called into question the mother’s mental state. Thus, to determine the best interests of the child, it was necessary for the court to hear testimony concerning the *281 mother’s mental condition. Included in that testimony were the conclusions of a licensed psychologist who determined that the mother had a personality disorder characterized by both paranoia and antisocial behavior. Additionally, the court heard testimony from a therapist who had worked with the mother. His conclusion was that the mother was unable to adequately parent a child. Both the testimony of the psychologist and therapist aided the court in determining what was in the child’s best interests, and said evidence was properly received and admitted. Thornton v. Thornton, 519 So.2d 960 (Ala.Civ.App. 1987); Von Goyt, supra.
Other evidence supporting the termination included the testimony of the child’s psychologist and a DHR foster care worker who both testified that the child’s extensive knowledge of sexual behavior, her use of language with sexual connotations, and her inappropriate social behavior in kindergarten indicated that the child had been a participant in sexual activity.
The record is replete with other testimony supporting the court’s order and to continue to recount it is unnecessary. We do note that the mother maintains that the court erred in admitting into evidence a report prepared by a child protective service worker. The mother maintains that although the worker who prepared the report was in court and testified, the report itself was based in part on information prepared by others. Consequently, she maintains that the court erred in receiving it into evidence.
We disagree.
Initially, we note that a “trial court has wide latitude in the evidence that it may consider in deciding the proper custody of a child.” Von Goyt, supra (citation omitted). Further, in Franklin, supra, we held that:
“The authors of those reports were present at trial and subject to cross-examination. Testimony at trial was elicited which corroborated the information in the reports. Under similar circumstances, we have held that reversal is not warranted, especially in light of other clear and convincing evidence establishing grounds for termination of parental rights.” (emphasis added; citation omitted)
The mother’s particular objection to the report was that it contained police reports which recorded acts of domestic violence between the mother, her brother, and a former boyfriend of the mother. We have carefully reviewed the entire record and find that the admission of the report does not warrant reversal, as testimony at trial corroborated the bulk of the information in the service worker’s report and the evidence not so corroborated does not prevent the court from having clear and convincing evidence on which it could base termination. Franklin; Alabama Rules of Appellate Procedure, Rule 45.
We now turn to the mother’s contention that DHR failed to pursue less drastic alternatives than the termination of parental rights. She also maintains that DHR did not undertake reasonable efforts to rehabilitate her as a parent.
We disagree.
The mother has been in and out of DHR’s office since 1975. She previously lost custody of another child in Alabama. Testimony from those who worked with the mother indicated she had not yet improved her parenting skills and was uncooperative.
The mother maintains, however, that she was not provided a written service agreement setting forth the conditions under which the child would be returned. However, we are unaware of any requirement that a written service agreement exist. DHR has consistently worked with the mother to no avail.
The record further reveals that the Department sought less drastic alternatives than termination. As stated previously, the mother has had her rights to one other child terminated in Alabama. Consequently, DHR is familiar with relative resources for Barbara Ann.
To begin with, the child’s alleged father cannot be located; so, no paternal relative resources may be explored. The mother’s family lives in Florida, and the information *282 received from Florida indicated they were not a viable alternative. In fact, the mother’s rights to a second child were terminated in Florida, and the mother’s family was found not to be a suitable alternative to termination. Florida officials indicated the situation had not changed.
In short, DHR explored other less drastic alternatives than termination and found none existed.
Because the trial court’s order is supported by clear and convincing evidence and no less drastic measures than termination exist, we affirm the termination. Wilson, supra.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.