EDWARD N. SCRUGGS, Retired Circuit Judge.
Dena Newcomb, the seventeen-year-old mother of Kenny Ray Newcomb, appealed from a final judgment which adjudged Kenny to be a dependent child and which terminated her parental rights regarding Kenny. The sole appellate issue is whether the trial court’s judgment was supported by clear and convincing evidence.
After making a finding of fact, the trial court reached the following conclusions in its final judgment:
“From the evidence presented through all the witnesses the Court concludes that Dena is unable to provide parental care for Kenny Ray and that her conduct and conditions have rendered her unable to do so and further, it is unlikely that her conduct or conditions will change in the foreseeable future. The Court finds that the Department of Human Resources has made reasonable efforts to *64 rehabilitate Dena’s ability to parent Kenny and that the Department has made reasonable efforts to reunite the family without success.
“Dena has failed to provide for the material needs of Kenny and has failed to maintain consistent contact with the child. Further, Dena has failed to adjust her own circumstances to meet the needs of Kenny Ray. The Court recognizes that Dena may be presently meeting the needs of her newborn but the Court believes that Dena could not do so while also having the overwhelming responsibilities of caring for Kenny, an active toddler. The Court is impressed that Kenny Ray is in dire need of a stable and permanent home as soon as possible. The Court is also aware that there is little likelihood that Dena’s circumstances will change in the foreseeable future and that further delay in this cause would be clearly against the best interests of Kenny Ray Newcomb.”
Following an ore tenus trial, the judgment of the juvenile court in a case of this nature is presumed to be correct, and it will not be disturbed on appeal unless it was so unsupported by clear and convincing evidence as to be palpably wrong. Buchanan v. State Department of Human Resources, 520 So.2d 539 (Ala.Civ.App.1988); Harper v. Jackson County Department of Pensions & Security, 494 So.2d 428 (Ala.Civ.App.1986). There is a presumption that Kenny’s best interests would be served by his placement with his mother but that presumption may be overcome where there is clear and convincing evidence that such placement would not be in Kenny’s best interests. Harper, supra. In order to terminate parental rights, there must be clear and convincing evidence that the child is dependent and that there exists no viable alternative to the termination of the custodial rights of the natural parents. Buchanan, supra; Harper, supra.
We have read the evidence which was presented ore tenus before the trial court and we have studied the briefs of able counsel for both sides. While the trial court summarized some of the evidence, much additional evidence is disclosed by the record which is supportive of the trial court’s findings and adjudication. Kenny’s only blood relatives who were available for Kenny’s placement were Dena and Dena’s mother and the evidence was clear and convincing that it was inappropriate and contrary to his best interests for Kenny’s custody to be placed with either or both of them. We opt to not publicize the “dirty linen” of their private lives for, to do so, would not benefit precedent, the child, or either of those two adult blood relatives. Harper, supra.
We conclude from the record that there was clear and convincing evidence before the trial court (1) that it was not to Kenny’s best interests that Dena or her mother be awarded his custody, (2) that Kenny was a dependent child, and (3) that no viable alternative existed other than the termination of Dena’s parental rights as to this child. The trial court did not abuse its discretion in entering the final judgment. The trial court was not palpably wrong.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.