ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
The Family Court of Jefferson County, Bessemer Division, on June 15, 1987, found the child in question to be dependent, terminated the parental rights of the natural parents, Phyllis and Travis East, and awarded custody of the child to Mike and Marlene Meadows, who had had physical custody of the child since he was four days old. The natural mother appealed the ter *73 mination of her parental rights to this court. On January 20, 1988 this court reversed the trial court’s order that the mother’s parental rights be terminated. See, East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988). On remand the trial court entered an order on August 24, 1988 setting aside its order terminating the mother’s parental rights, ordered temporary custody of the child to remain with the Meadowses, ordered an in-home study of Phyllis and Travis East by the Jefferson County Department of Human Resources, ordered that the case be reviewed on October 4, 1988, denied the petition of the guardian ad litem asking that custody of the child be awarded to the Meadowses, and denied the Jefferson County Department of Human Resources’ intervention request. The guardian ad litem’s motion for relief from judgment was denied by the trial court on September 20, 1988. On October 4, 1988 the guardian ad litem appealed this order to this court.
On December 8,1988, after another hearing at which evidence was received, the trial court ordered that the child remain in the custody of the Meadowses, that the mother have visitation rights that would be in the best interests of the child, and that a review hearing of the matter be held in March 1989. The natural mother not only appealed that order to this court but also filed a petition for the writ of mandamus in this court. Both review mechanisms sought to have custody placed with the mother on the ground that placement of temporary custody with the Meadowses was contrary to the January 20, 1988 decision of this court.
In his answer to the petition for mandamus, the trial court judge said that he did set aside the termination of parental rights order as directed by this court but, since this court did not reverse his dependency order, he considered that he could pursue other less drastic alternatives to termination of parental rights. This he did by leaving custody of the child with the Mead-owses, ordering a study of the mother’s home, and giving her visitation rights so that she could establish some relationship with this child. The mother had seen this child one time in about two years.
The guardian ad litem also replied to the petition for mandamus by way of a brief. In her brief the guardian ad litem argued in effect that the trial court had properly placed the custody of the child with the Meadowses. We note that the guardian ad litem did not file a separate brief in support of the appeal.
In view of the consolidation of the appeals and the petition for mandamus for review by this court, we consider the sole issue to be whether the trial court correctly interpreted our decision of January 20, 1988. In other, words, did the trial court properly conclude that the reversal of the termination of parental rights order did not include the dependency order so that it could thus pursue less drastic alternatives than termination of parental rights? We believe that the trial court correctly interpreted our judgment.
Before a parent’s parental rights to a child can be terminated, the trial court must first ascertain whether the child is dependent. Buchanan v. Department of Human Resources, 520 So.2d 539 (Ala.Civ.App.1988). Upon making such a finding, the trial court then decides whether the child’s best interests will be served by terminating the parent’s parental rights or whether less drastic measures will serve the child’s best interests. Buchanan, supra.
In the case at bar the trial court first determined that the child in question was dependent; then it decided that the best interests of the child would be served by terminating its parent’s parental rights. We disagreed with the decision to terminate the mother’s parental rights and remanded the case.
On remand the trial court set aside its termination of parental rights order and set about to find a less drastic disposition of this child’s custody.
The trial court left the custody of the child with the Meadowses, who had been the child’s custodians for most of its life, directed the responsible agencies to ascertain the fitness of the mother to be a child *74 custodian, and gave the mother visitation privileges so that she might attempt to establish a viable relationship with her child. Such action by the trial court is in keeping with the prevailing law and does not contravene our January 20, 1988 decision setting aside the trial court’s termination of parental rights order.
The writ of mandamus is denied, and the judgments appealed from are affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
AFFIRMED.
All the Judges concur.