This is a termination of parental rights case.
Following an ore tenus proceeding, the trial court ordered the permanent termination of all parental rights of the natural mother and father of the minor child, Jan Loren Petersen, Jr. (J.J.). The trial court placed the child in the permanent legal custody of the Department of Human Resources (DHR). Following the denial of the father's motion to reconsider and vacate the final decree only the father appeals.
The father contends that the trial court erred in finding J.J. a dependent child and in failing to consider less drastic measures than termination of his parental rights. Specifically, he argues that a viable alternative exists to termination of his parental rights in that the paternal grandfather should be considered as a viable alternative for custody.
It is well established that before a court can terminate parental rights there must be determination based on clear and convincing evidence that the child is dependent and that there exist no viable alternatives to the permanent termination of parental rights. Burroughs v. Department of Human Resources,516 So.2d 676 (Ala.Civ.App. 1987). The court may determine that the child is dependent based on the totality of the circumstances. Carter v. Jefferson County Department ofPensions Security, 496 So.2d 66 (Ala.Civ.App. 1986). The natural parent has a prima facie right to custody which must be overcome by clear and convincing evidence that removal is in the child's best interest. Varnadore v. State Department ofHuman Resources, 543 So.2d 1194 (Ala.Civ.App. 1989). Additionally, our review of termination of parental rights cases, following the ore tenus rule, affords the trial court judgment a presumption of correctness that must be affirmed absent a showing of palpable error. Polk v. State Department ofHuman Resources, 542 So.2d 279 (Ala.Civ.App. 1988).
Our review of the record reveals the following relevant facts. Jan Loren Petersen, Sr., appellant, was married to Carol Petersen and is the natural father of J.J., born October 12, 1983. Two older children were also born of this marriage and were the subject of a case before this court in which parental rights were terminated. Matter of Petersen, 454 So.2d 992
(Ala.Civ.App. 1984). The appellant is currently serving a ten-year sentence for the shooting death of Mrs. Petersen's brother. The appellant also has a history of alcohol abuse and violence prior to his incarceration. The appellant and Mrs. Petersen are now divorced and she does not challenge the present action.
The record shows a long, but unsuccessful, history of the state through various caseworkers and agencies working with this family in an effort to maintain the integrity of the family. Over a period of years, numerous efforts and resources have been expended to assist the Petersen family, to no avail. Consequently, DHR is quite familiar with the Peterson family situation and relative resources available for J.J.
The Baldwin County DHR has had custody of J.J. since December 6, 1985, following the shooting death of his maternal uncle by his father. J.J. was two years old at the time he witnessed that incident. There was evidence that the alcohol abuse and violence of both parents warranted the removal of J.J. from the home. Child abuse/neglect reports concerning J.J. were received by DHR on at least three occasions from approximately June 1984 until his removal from the home on December 5, 1985. J.J. has been in foster homes during almost all of the past four years. Relative placement with the child's paternal uncle in another state was attempted in the spring of 1988, but was disrupted after only a few *Page 1034 
weeks when the uncle requested that the child be moved.
In September 1988, almost three years after DHR first took custody of J.J., Warren J. Petersen, paternal grandfather of J.J., filed a petition to intervene in the parental termination proceedings requesting to be considered as an alternative placement for the child. Mr. Petersen is a 71-year-old widower. The court denied his petition.
Appellant first argues that the trial court erred in determining that J.J. is a dependent child. This argument is unpersuasive. At the time of the hearing, and, in fact, since December 1985, when J.J. came into the custody of DHR, appellant has been imprisoned. J.J. has been in foster care for almost four of the six years of his life. The uncertainty of when appellant may be released from prison and what his living conditions will be at that time supports the trial court's decision that he is "not in a position to properly care for or rear the said child." We find the trial court's determination of dependency to be based on clear and convincing evidence and to be in the child's best interest.
The appellant next contends that the trial court committed error by failing to exhaust all viable alternatives prior to terminating his parental rights. He asserts that the paternal grandfather is a viable alternative.
The record reveals that DHR is familiar with the Petersen family having worked with them for many years. Specifically, we note that evidence was presented which established that the appellant and Mrs. Peterson similarly lost custody of two older children. Such past history is a proper consideration.Polk, supra. Additionally, such evidence clearly demonstrates the familiarity of DHR with relative resources available to J.J.
Warren Petersen's testimony indicated a short-term, temporary commitment to caring for J.J. He testified that upon his son's anticipated prison release, he would expect appellant to resume care and control of J.J., in effect returning the child to the same environment from which he was removed. The child's retention in the same environment is a proper factor for the trial court to consider. Varnadore, supra. The past history of appellant's behavior, along with the uncertainty of the timing of his prison release, coupled with the return of J.J. to the environment, supports the trial court's finding that the paternal grandfather was not a viable alternative to termination.
There is ample clear and convincing evidence to support the trial court's decision to terminate the appellant's parental rights and its conclusion that no less drastic alternative was available. Accordingly, we must affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.